STRENGTH, County Judge, et al. v. BLACK et al. (No. 2278.)

(Court of Civil Appeals of Texas. Texarkana. March 11, 1920.)

Appeal and error ⊜374(4) — County officers sued in official capacity must file bond to appeal.

Where county officials were sued in their official capacity, and it was sought to control their conduct as such representatives, and the conduct complained of was alleged to be an illegitimate exercise of the discretionary power with which they were invested, the fact that they were charged by failure of their official authority did not make the suit any the less a personal one against them, and on appeal from an adverse judgment the commissioners were required to file an appeal bond, notwithstanding Rev. St. art. 2105; the county having no interest in the result of the suit.

Appeal from District Court, Harrison County.

Action by J. M. Black and others against W. H. Strength, County Judge, and others. From judgment for plaintiffs, defendants appeal. Appeal dismissed.

See, also, 226 S. W. 758.

J. H. T. Bibb, of Marshall, for appellants.

H. F. Lyttleton, Cary M. Abney, Wm. F. Young, and Y. D. Harrison, all of Marshall, for appellees.

HODGES, J. In March of 1919, the commissioners' court of Harrison county, acting upon a petition signed by the requisite number of taxpaying voters, ordered an election to be held in that county on the 19th day of the following April to determine whether or not bonds should be issued to the amount of $1,750,000 for the purpose of improving the public roads of the county. $300,000 of those bonds were to be used for the purpose of taking over an improvement district which had previously been established and bonds issued therefor. The election was held and carried by a large majority of the voters. The result of the election was declared, and were bonds issued and approved as required by law. $600,000 worth of the bonds were sold, the county retaining possession of $850,000, intending to sell them as the work progressed. The material portion of the order of the commissioners' court calling the election, and which was embraced in the notices published, was as follows:

"$300,000.00 for the purpose of purchasing or taking over the improvement of the roads already constructed in said road district, and $1,450,000.00 for the purpose of further constructing, maintaining and operating macadamized, graveled or paved roads and turnpikes throughout Harrison county."

After the election had been ordered and the notices published, and during the campaign that followed, the commissioners' court of Harrison county made other orders regarding the disposition that would be made of the funds procured by the sale of the bonds, and what particular roads would be improved. On the 14th day of April, about five days before the election, in order to satisfy the property owners in a certain section of the county, the commissioners' court, at the instance of certain citizens, entered the following order:

"It is moved and carried that if road bond issue should carry that the Hynson Springs road be improved from Marshall to the intersection of the Longview and Jefferson road, and that the Longview and Jefferson road be improved from said point to intersection to Gregg County line, and that the Hallville and Harleton road be improved from Hallville to Harleton. It is also moved and carried that if the road bond issue should carry that the road from Harleton to the county line by way of Smyrna be improved, and that the road from Harleton to the county line by way of Eagle creek be improved."

After the result of the election had been declared and the bonds approved, the commissioners' court adopted other orders indicating a purpose of appropriating the greater part of the funds raised by the bond issue to the construction of what was known as the "Jefferson Highway." On December 6, 1919, J. M. Black, joined by a number of other citizens describing themselves as residents and taxpayers of Harrison county, instituted this suit against W. H. Strength, county judge of Harrison county, and each of the commissioners, for the purpose of restraining the application of so large an amount of the funds as appeared to have been contemplated by the orders mentioned to the construction of the "Jefferson Highway." They also prayed for an order compelling the commissioners' court to retain sufficient funds to be applied to the improvement of the public roads in that portion of the county where the petitioners resided and which had been specifically described in the order of the court made a few days before the election. The petition alleges, in substance, that unless restrained the commissioners would make a wrongful appropriation of the public money, would squander it and misuse it upon a highway which is not as important as the commissioners seem to regard it; that, if so large a proportion of the funds is expended upon that highway, there will remain an insufficient amount to improve the roads in other portions of the county designated in the order of the commissioners' court and in that portion of the county where the petitioners resided. A temporary order was applied for.

The case was set down for hearing, which resulted in granting the temporary injunction restraining the commissioners' court from expending beyond a certain amount the funds realized from the sale of the bonds.

W. H. Strength and the members of the commissioners' court gave notice of appeal, and have appealed to this court asking for a reversal of that order. It appears from the record that they filed no appeal bond, and a motion has been presented in this court by the plaintiffs below asking that the appeal be dismissed. In answering that motion the appellants contend that this is substantially a suit against Harrison county, and that under the provisions of the Act of 1909, now article 2105 of the Revised Civil Statutes, they were not required to give a bond. That article is as follows:

"Neither the state of Texas, nor any county in the state of Texas, nor the Railroad Commission of Texas, nor the head of any department of the state of Texas prosecuting or defending in any action in their official capacity, shall be required to give bond on any appeal or writ of error taken by it, or either of them, in any civil case."

It is contended by the appellants that they are the representatives of Harrison county, that this suit is against them in their official capacity, and is, within the meaning of the article above quoted, a suit against Harrison county. It is true the suit is against them in their official capacity and seeks to control their conduct as representatives of Harrison county; but those facts alone do not make it a suit against the county. After exempting the state of Texas from the requirement to give an appeal bond, the Legislature thought it necessary to go further and expressly exempt the heads of the state departments when sued in their official capacity. Yet the terms in which the state was exempted are as comprehensive as those which exempt the counties. The specific mention of the heads of the state departments in that connection, and the failure to mention county officers "when sued in their official capacity," is not without significance. It evidences a purpose to limit the immunity to the parties named. This is a suit to restrain county officials from making, what is alleged to be, a wrongful and unlawful appropriation of the public money belonging to the county. The conduct complained of is alleged to be an illegitimate exercise of the discretionary power with which the county officials are invested, and this appeal to the courts is to compel them to do their lawful official duty to the county and its citizens. The fact that they are charged with undertaking to commit those wrongs by virtue of their official authority does not make the suit any the less a personal one against them. We think the following authorities support that conclusion: Terrell v. Middleton (Tex. Civ. App.) 187 S. W. 368; Id., 108 Tex. 14, 191 S. W. 1143, 193 S. W. 139; Imperial Sugar Co. v. Cabell (Tex. Civ. App.) 179 S. W. 83; M., K. & T. Ry. Co. v. Shannon, 100 Tex. 379, 100 S. W. 138, 10 L. R. A. (N. S.) 681. The county is a municipal corporation and it is expressly provided that it may sue and be sued as such. As a municipal corporation, the county has no interest in the result of this suit. We conclude that the suit does not come within the exemption provided for in article 2105.

The appeal will be dismissed.