**PLOCH et al. v. DICKISON.**

No. 4677.

Court of Civil Appeals of Texas.
El Paso.
June 30, 1949.

William N. Hensley, Dist. Atty., Harvey L. Hardy, Asst. Dist. Atty., Charles R. Hancock, all San Antonio, for appellants.

Randle Taylor, San Antonio, Walter Groce, Corpus Christi, for appellee.

PER CURIAM.

This is an appeal from a judgment of the 57th Judicial District Court of Bexar County in favor of the Assessor-Collector of Taxes of Bexar County, awarding a peremptory Writ of Mandamus against the County Judge and four County Commissioners of Bexar County directing and commanding them "to proceed with all reasonable dispatch at a meeting of the Commissioners' Court to ammend the budget of Bexar County, Texas for the year 1949 so as to add to the amount now in said budget for salaries for deputies and clerks in the office of the Assessor-Collector of taxes so that the same shall not be less than the sum of One Hundred Fifty-One Thousand Four hundred ninety-seven and 78/100, ($151,497.78) Dollars and that said Commissioners' Court may make such other adjustments in said budget as it may deem advisable in order to keep the same within the estimated revenue for the current year."

The County Judge and Commissioners did not file bond or make a deposit in lieu thereof in conformity with Rule 354, T.R. C.P., within the time provided by Rule 356, T.R.C.P. Appellee has filed a motion to dismiss the appeal because of appellants' failure to file such bond. It is appellants' contention that under Art. 2276, Vernon's Ann.Civ.St., they were not required to file a bond in order to perfect their appeal since the suit was against them in their official capacities and was in effect a suit against Bexar County which is the real party whose interest is affected by the suit. We have concluded that this contention was decided adversely to appellants by the Texarkana Court of Civil Appeals in the case of Strength v. Black, 241 S.W. 281, and that what was there said is applicable to the facts here. We approve that holding, and it is accordingly ordered that appellee's motion be granted and the appeal dismissed. The Clerk of the Supreme Court has advised us that an appeal bond was filed by the County Judge and Commissioners in Strength v. Black reported in Tex.Civ.App., 226 S.W. 758, reversed in Black v. Strength reported in 112 Tex. 188, 246 S.W. 79, which determined the case on its merits. We express no opinion as to the effect of the judgment of the trial court in this case because of the fact that Bexar County was not made a party to the suit. That question is not before us.

Appeal dismissed.