Felipe VALERIO, Jr., Relator,

v.

The Hon. C. W. LAUGHLIN et al.,
Respondents.

No. 13303.

Court of Civil Appeals of Texas.

San Antonio.

Nov. 13, 1957.

On Rehearing Nov. 18, 1957.

Gerald Weatherly, Laredo, Werner A. Gohmert, Alice, for relator.

Sidney P. Chandler, Corpus Christi, Sam H. Burris, Alice, Walter P. Purcell, San Diego, for respondents.

PER CURIAM.

This is a petition for mandamus to require Hon. C. W. Laughlin, Judge of the District Court of Duval County, to proceed to trial and judgment in a contempt proceeding in a cause originally filed in that court, styled Felipe Valerio v. Daniel Tobin, Jr., et al., in which case a final judgment had been entered and an appeal taken to this Court. It is now pending in this Court as Cause No. 13297, Daniel Tobin, Jr., et al. v. Felipe Valerio, Jr.

The petition asked, in the alternative, that if we should conclude that this Court has jurisdiction of the contempt proceeding

because of the appeal, then and in that event that we proceed to hear and decide such contempt proceeding.

■ The law is well settled that after an appeal has been perfected to this Court that it is our duty, and not that of the trial court, to punish for any contempt for a failure to obey the judgment of the trial court pending the appeal. International Ladies Garment Workers' Local Union No. 123 v. Dorothy Frocks Co., Tex.Civ.App., 97 S.W.2d 379; Ex parte Travis, 123 Tex. 480, 73 S.W.2d 487; 3 Tex.Jur. p. 369, Sec. 262.

On September 3, 1957, the District Court of Duval County rendered a final judgment, among other things, ordering Daniel Tobin, Jr. (County Judge), T. H. Molina, Juan Leal, Jose D. Ramos, and Dennis P. McBride (County Commissioners), "to forthwith permit and allow Plaintiff, Felipe Valerio, Jr., to sit and act as County Commissioner of Precinct No. 4 of Duval County from the entry of final judgment herein until the end of said term on December 31, 1958."

On September 28, 1957, Daniel Tobin, as County Judge of Duval County, officially approved Felipe Valerio, Jr.'s official bond for the office of County Commissioner of Precinct No. 4, and filed the same with the County Clerk, together with his oath of office and his loyalty oath. On September 30, 1957, Felipe Valerio, Jr., was permitted to sit at a meeting of the Commissioners' Court and participated therein as a member.

■ Thereafter on October 4, 1957, Valerio was told by Tobin, Molina, Leal, Ramos and McBride, that he would not thereafter be permitted to sit as a member of the Commissioners' Court. They gave as their reason for such action that a supersedeas bond had been filed. The only one of the above named persons who attempted to file a supersedeas bond was Jose D. Ramos. The judgment being one other than for money, could only be superseded after

the trial court had made an order setting the amount of such supersedeas bond. Rule 364(e), Texas Rules of Civil Procedure. Even if the bond filed by Ramos had been a legal one, it would not inure to the benefit of the other defendants who made no attempt to file a supersedeas bond.

■ Respondents herein contend that the judgment is against Duval County, and that the County is not required to give a supersedeas bond. We do not agree. While the suit is against the County Judge and County Commissioners in their official capacities, it is not a suit against the County and, therefore, if respondents desire to supersede the judgment they must give a supersedeas bond, as is provided for by Rule 364(e), T.R.C.P. Ploch v. Dickison, Tex.Civ.App., 223 S.W.2d 568.

■ Respondents further contend that the judgment entered in the trial court was not a final judgment because an appeal was taken. We again do not agree. There must be a final judgment before there can be an appeal, and it must be obeyed unless superseded during the pendency of the appeal.

Under the circumstances, the respondents herein are guilty of disobeying the judgment of the trial court in refusing relator the right to sit as a member of the Commissioners' Court of Duval County.

Unless we have assurance in writing, within five days, that respondents will carry out the judgment of the trial court, we will proceed to enter judgment holding respondents in contempt of this Court.

### On Motion for Rehearing.

In our original opinion we were in error in stating that a county cannot supersede a judgment without giving a supersedeas bond. Art. 2276, Vernon's Ann.Civ.Stats. However, the suit here was not against the county, but against the county judge and county commissioners in their official capacities, and, therefore, such officials were not entitled to supersede the judgment with-

out giving a supersedeas bond in an amount fixed by the trial court. Ploch v. Dickison, Tex.Civ.App., 223 S.W.2d 568. The original opinion will be corrected so as to reflect the above.

Respondents have filed their motion for a rehearing, and now tender a supersedeas bond in the sum of $14,000, the amount fixed by the trial court, signed by all respondents, together with two sureties. The bond has been approved by the District Clerk of Duval County, Texas. The supersedeas bond is now regular in every respect and entitles the respondents to have the judgment of the trial court suspended pending the appeal.

Accordingly, our order heretofore entered on November 13, 1957, requiring the County Judge and County Commissioners of Duval County to seat Felipe Valerio, Jr., as County Commissioner of Precinct No. 4, Duval County, Texas, is set aside and judgment now entered suspending the judgment of the trial court pending the appeal.