County Judge Garry WEBER et al., Relators,

v.

The Honorable Dee Brown WALKER et al., Respondents.

No. 20265

Court of Civil Appeals of Texas, Dallas.

Nov. 21, 1979.

See also 591 S.W.2d 563.

Earl Luna, Luna & Murto Dallas, for appellants.

Michael F. Pezzulli, R. Jack Ayers, Jr., Dallas, for appellees.

Before AKIN, STOREY and HUMPHREYS, JJ.

AKIN, Justice.

Relators, the county judge of Dallas County, the four county commissioners, the county treasurer, and the county auditor, are prosecuting an appeal from a judgment of the 162nd District Court of Dallas County. They have filed in this court an application for a writ of mandamus, asking this court to issue our writ directing the Honorable Dee Brown Walker, Judge of the 162nd District Court, either to set a supersedeas bond, if one is required, and if a bond is not required to supersede his order, to vacate his order denying relator's right to supersede his order, which would occur by operation of law when notice of appeal was filed. In the event that we grant relators' writ, respondent municipalities have requested us to issue our writ of injunction to preserve our jurisdiction. We have held that because the relief sought by relators was not against them individually but was rather a suit against Dallas County, no supersedeas bond was required of them under Tex.Rev. Civ.Stat.Ann. art. 2276 (Vernon 1971). Accordingly, we have heretofore issued our writ directing Judge Walker to set aside his order denying relator's right to supersede the judgment. We denied, however, respondents' application for a writ of injunction to maintain Judge Walker's injunction in effect because we may only issue injunctions to protect our jurisdiction of the appeal to prevent the appeal from becoming moot. We also granted relators' motion to advance and have set the appeal on its

merits for November 15, 1979. We now state our reasons for these holdings.

## JURISDICTION

■ Although respondents have not raised the question of our jurisdiction to entertain this application, we deem it important to address this question. Our jurisdiction in such matters is set forth in Tex. Rev.Civ.Stat.Ann. art. 1823 (Vernon 1964) which provides that we may issue writs of mandamus and all other writs necessary to enforce our jurisdiction. Our supreme court in *Houtchens v. Mercer*, 119 Tex. 244, 27 S.W.2d 795, 796 (1930), in an analogous case, held that a court of civil appeals had jurisdiction to grant writs to prevent a trial court from interfering with the statutory jurisdiction of the court of civil appeals. In that case, as here, the trial judge denied the appellant the right to file a supersedeas bond. The supreme court stated that this action of the judge was without warrant of law and was an interference with the jurisdiction of the court of civil appeals. Consequently, the court of civil appeals had jurisdiction "to abate and can correct [such wrongs] by its original writ of mandamus and such ancillary writs as may be necessary or appropriate thereto." *Id.* at 796. We conclude, therefore, that we have jurisdiction to issue the appropriate writ.

■ We do not, however, have jurisdiction to replace Judge Walker's injunction with our own because our jurisdiction is limited to issuing injunctions in situations where the failure to do so would render the appeal moot. *General Telephone Co. of the Southwest v. Carver*, 474 S.W.2d 582, 583 (Tex.Civ.App.—Dallas 1971, no writ). Respondents contend that our failure to issue an injunction will destroy the subject matter of the suit because respondents will be without police protection from the sheriff. We cannot agree that our injunction is necessary to prevent this appeal from becoming moot. The fact that respondent municipalities may be without police protection during pendancy of this appeal does not destroy the subject matter of the appeal, nor does it render the appeal moot. We conclude, therefore, that we lack jurisdiction to grant respondents an injunction.

## MERITS

The controversy out of which this original proceeding arose commenced when the Commissioners Court of Dallas County terminated funding for twenty sheriff's deputies which the sheriff asserted were necessary to patrol incorporated municipalities within Dallas County. The towns of Sunnyvale and Sachse filed suit asking Judge Walker to order the sheriff to continue to patrol within their municipal limits and to order Commissioners Court to provide funds to the sheriff for the additional personnel needed by the sheriff to comply with their request. The city of Garland intervened requesting the same relief. After a hearing, Judge Walker granted the relief on October 17, 1979, and the relators have appealed. On October 18, 1979, the relators moved that Judge Walker stay his order pending appeal on the ground that they were exempt from posting a supersedeas bond under article 2276. Alternatively, the relators asked that Judge Walker fix the amount of a supersedeas bond so that relators could file one. After a hearing, Judge Walker entered his order denying the relators the right to supersede his judgment, with or without, a supersedeas bond. In his order he also expressly refused to fix the amount of a supersedeas bond, but did find that relators were "essentially the same as the County of Dallas, and if this court were to allow supersedeas, these defendants would not have to post a supersedeas bond." On October 29, 1979, relators applied to this court for relief which we granted.

■ Our first question is whether relators had a right to supersede Judge Walker's order pending appeal. Secondly, if relators have the right to supersede, we must determine whether a supersedeas bond is required of them. This latter question must be resolved because if relators are required to post a supersedeas bond, then the appropriate relief in this court is to issue a writ of mandamus directing Judge

Walker to fix the amount of such bond. On the other hand, if no bond is required under article 2276, then the judgment is superseded as a matter of law upon the filing of notice of appeal. *City of West University Place v. Martin*, 132 Tex. 354, 123 S.W.2d 638 (1939). In the latter situation, a writ of mandamus directing Judge Walker to vacate his order denying relators the right to supersede his order would be the proper writ.

■ With respect to whether relators have a right to supersede Judge Walker's order, we hold that relators have this right, just as any other party. Tex.R.Civ.P. 364(a) provides that an appellant desiring to suspend the execution of a judgment may do so by giving a bond approved by the clerk payable to the appellee. Subdivision (e) of rule 364 provides that "where the judgment is for other than money or property or foreclosure, the bond shall be in such amount to be fixed by the court below *as will secure the plaintiff in judgment in any loss or damage.*" We also note that (g) of that rule provides that "where [a] judgment is in favor of the State, a municipality, . . . and is such that the judgment holder has no pecuniary interest in it and no monetary damages can be shown, the bond *shall* be allowed and its amount fixed within the discretion of the trial court." As we read the language of rule 364, the right to supersede a judgment is a matter of right and not a matter within the discretion of the trial judge. *Houtchens v. Mercer*, 27 S.W.2d at 796; *General Telephone Co. of Southwest v. Carver*, 474 S.W.2d at 583. Consequently, the trial judge has no jurisdiction to deny supersedeas and his order denying relators the right to supersede is void.

Since we have concluded that relators had a right to supersede Judge Walker's order, we must determine whether a bond is required of them in order to determine the appropriate relief. This question turns on whether the relators are exempted from filing a supersedeas bond under article 2276, which applies to supersedeas bonds as well as to appeal bonds. *Texas Liquor Control Board v. Jones*, 378 S.W.2d 898, 905 (Tex.Civ.App.—Austin 1964, no writ). Article 2276 provides:

Neither the State of Texas, *nor any county in the State of Texas*, nor the Railroad Commission of Texas, nor the head of any department of the State of Texas, *prosecuting or defending in any action in their official capacity*, shall be required to give bond on any appeal or writ of error taken by it, or either of them, in any civil case. [Emphasis added.]

The respondent municipalities argue that because they did not sue the County of Dallas, but sued relators individually to require them to act in their official capacities, a bond is required of them to supersede the order. In support of this contention, they cite *Strength v. Black*, 241 S.W. 281, 282 (Tex.Civ.App.—Texarkana 1920, no writ); *Valerio v. Laughlin*, 307 S.W.2d 352, 353 (Tex.Civ.App.—San Antonio 1957, no writ) (per curiam); *Ploch v. Dickison*, 223 S.W.2d 568 (Tex.Civ.App.—El Paso 1949, no writ) (per curiam). Although these opinions support the position of respondents, we have concluded that they were wrongly decided and are not authoritative. The San Antonio Court of Civil Appeals in *Valerio v. Laughlin* relied upon *Ploch v. Dickison*, which in turn relied upon and expressly approved the rationale of *Strength v. Black*, 241 S.W. 281, 282 (Tex.Civ.App.—Texarkana 1920) *rev'd on other grounds, Black v. Strength*, 112 Tex. 188, 246 S.W. 79 (1922).

In *Strength v. Black*, the Texarkana Court of Civil Appeals held, in a situation analogous to the one in this case, that the predecessor to article 2276 [1] did not apply to the county judge and the commissioners when they were sued in their official capacity. That court reasoned that since the language of article 2105 (now article 2276) did not specifically mention or refer to county officials acting in their official capacities, but did do so with respect to state officials, the legislature did not intend to include county officials within the ambit of

---

1. The language in article 2276 is identical to that of its predecessor, article 2105.

the statute. We expressly disagree with this rationale and the holdings in these cases. Instead, we agree with the San Antonio Court of Civil Appeals' decision in *Richardson v. Cameron County*, 275 S.W.2d 709, 710 (Tex.Civ.App.—San Antonio 1955, no writ) which focused on the nature of the complaint asserted against the county judge and the commissioners and concluded that the claim was essentially one against the county. Consequently, that court held that no bond was required under article 2276 and refused to dismiss the appeal.

 We agree with this decision of the San Antonio Court of Civil Appeals and hold that the intent of the legislature in enacting article 2276 was to exempt any county from having to give bond in an appeal. *See Herring v. Houston National Exchange Bank*, 113 Tex. 264, 253 S.W. 813, 816 (1923) (holding that statute not limited to state department heads enumerated by article 4, § 1 of the Texas Constitution). In order to determine whether the county is the party attempting to appeal, rather than the commissioners and the county judge as private citizens, we must look to the nature of the relief sought from the petition as a whole. *Bexar County v. Linden*, 205 S.W. 478, 484 (Tex.Civ.App.—San Antonio 1918), *rev'd on other grounds*, 110 Tex. 339, 220 S.W. 761 (1920). Clearly this was a suit against Dallas County to require appropriation and expenditure of county funds to employ additional deputies. Accordingly, we hold that this is a suit against the county and, therefore, no bond is required under article 2276.

 To hold to the contrary would place form over substance and permit a plaintiff to determine whether a bond would be required by not naming the county as a defendant but naming instead the various county officials in their official capacities. Additionally, it cannot be questioned that the premium for any bond would be paid with funds from Dallas County. Similarly, in the event that respondents prevail on appeal, any damages occasioned by superseding the trial court's order would be paid from county funds. The purpose of posting a supersedeas bond is to assure pay-

ment of damages occasioned by the appeal. *Automobile Ins. Co. v. Teague*, 32 S.W.2d 824 (Tex.Comm'n App.1930, judgmt. adopted). Similarly, the posting of an appeal bond is to assure the county of costs incurred by them in the trial court and on appeal. No such assurance is needed when the county is actually the appealing party in interest and when county funds are liable for payments of costs and for damages occasioned by superseding the trial court's judgment.

Accordingly, a writ of mandamus was issued to the Honorable Dee Brown Walker directing him to vacate his order of October 22, 1979, denying relators the right to supersede his judgment.