**Opinion issued April 14, 2015**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-14-00820-CV

————————————

## IN RE GALVESTON COUNTY JUDGE MARK HENRY, GALVESTON COUNTY COMMISSIONER RYAN DENNARD, GALVESTON COUNTY COMMISSIONER JOE GIUSTI, GALVESTON COUNTY COMMISSIONER STEPHEN HOLMES, AND GALVESTON COUNTY COMMISSIONER KEN CLARK, IN THEIR OFFICIAL CAPACITIES AS THE GALVESTON COUNTY COMMISSIONERS COURT, Relators.

**Original Proceeding on Petition for Writ of Mandamus**

## OPINION CONCURRING IN DENIAL OF EN BANC RECONSIDERATION

Relators have filed a petition for a writ of mandamus, challenging an ex

parte order signed by the judge of the 56th Judicial District Court in his capacity as

Galveston County Administrative District Judge. The order, styled "Ex Parte Honorable Mark Henry and Galveston County Commissioners Court," states in its entirety:

> On this the 24th day of September, 2014, the Administrative Judge of the Galveston County District Courts considered the actions of the Honorable Mark Henry and the Galveston County Commissioners Court in terminating the employment of the Galveston County Justice Administrator on or about July 24, 2014, in proceeding to post the position for employment of a new justice administrator and in proceeding to interview candidates to fill the position. The authority to appoint and terminate court personnel lies with the courts, not the county judge nor the commissioners court and the county judge's termination of the justice administrator and proposed selection of a replacement violates the separation of powers doctrine and infringes on the courts' inherent powers. These actions also violate Local Government Code Sec. 151.004 which prohibits the county judge and commissioners court from attempting to influence the appointment of a person to a position authorized by the commissioners court for the department of another district, county or precinct officer in the county.

> It is therefore ORDERED AND DECREED that the actions of the county judge and commissioners court of terminating the employment of the Galveston County Justice Administrator was a void act without legal authority and is hereby NULLIFIED and set aside. Further that the county judge and commissioners court are ordered to cease and desist the process of attempting to hire a new justice administrator.

A panel of this court denied the petition for mandamus without an opinion explaining the ruling, as authorized by Appellate Rule 52.8(d). I agree the petition was correctly denied, but because of the unusual circumstances I write separately to explain my reasoning.

2

Whatever the merits of the relators' complaints about the ex parte order, they have an adequate remedy by appeal. There has been no presentation of a dispute to a court, no presentation of evidence, no fact finding, and no application of law to facts by a judge to resolve this dispute between the administrative judge and the commissioners court. That process is available to resolve the dispute, and an appeal is available from the final resolution. *E.g.*, *Weber v. Walker*, 591 S.W.2d 559, 561 (Tex. Civ. App.—Dallas 1979, no writ) (cities filed suit asking district court to order commissioners court to provide funds for sheriff's personnel); *Comm'rs Court of Lubbock Cnty. v. Martin*, 471 S.W.2d 100, 103 (Tex. Civ. App.—Amarillo 1971, writ ref'd n.r.e.) (declaratory judgment action challenging constitutionality of statute regarding appointment and compensation of probation personnel); *Wichita Cnty. v. Griffin*, 284 S.W.2d 253, 254 (Tex. Civ. App.—Fort Worth 1955, writ ref'd n.r.e.) (official court reporters filed suit in district court for writ of mandamus to compel commissioners court to pay increased salaries as ordered by the district courts); *see also Vondy v. Comm'rs Court of Uvalde Cnty.*, 620 S.W.2d 104, 104–05 (Tex. 1981) (mandamus sought by constable in district court to compel commissioners court to set a reasonable salary for constable's own office).

We should not exercise our mandamus jurisdiction in this circumstance because the ordinary judicial process is available, and it results in a remedy by

appeal. *Cf. Eichelberger v. Eichelberger*, 582 S.W.2d 395, 400 (Tex. 1979) (citing *Pope v. Ferguson*, 445 S.W.2d 950 (Tex. 1969)).


                              Michael Massengale
                              Justice

The en banc court consists of Chief Justice Radack, and Justices Jennings, Keyes, Higley, Bland, Massengale, Brown, Huddle, and Lloyd.

Justice Massengale, joined by Justice Brown, concurring in the denial of en banc reconsideration.

Publish. Tᴇx. R. Aᴘᴘ. P. 47.2(b).