ACCEPTED
14-15-00322-CV
FOURTEENTH COURT OF APPEALS
HOUSTON, TEXAS
6/3/2015 11:21:22 AM
CHRISTOPHER PRINE
CLERK

NO. 14-15-00322-CV

_____

IN THE COURT OF APPEALS
FOR THE FOURTEENTH DISTRICT OF TEXAS
AT HOUSTON, TEXAS

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS
6/3/2015 11:21:22 AM
CHRISTOPHER A. PRINE
Clerk

_____

GLENN BECKENDORFF, IN HIS OFFICIAL CAPACITY AS
WALLER COUNTY JUDGE, et al.,

*Appellants*

V.

CITY OF HEMPSTEAD, TEXAS AND
CITIZENS AGAINST THE LANDFILL IN HEMPSTEAD, et. al.,

*Appellees*

_____

On Appeal from the 506TH Judicial District Court of Waller County,
Texas
Honorable Terry Flenniken, Presiding

_____

MOTION TO TRANSFER TO FIRST COURT OF APPEALS
_____

TO THE HONORABLE FOURTEENTH COURT OF APPEALS:

Pursuant to Local Rule 1.5, Appellees, the City of Hempstead, Citizens Against the Landfill in Hempstead, and Waller County move for the Court to transfer this case to the First Court of Appeals.

The underlying case in this appeal, Cause No. 13-03-21872, City of Hempstead, Texas, and Citizens Against the Landfill in Hempstead (CALH), v. Waller County, Texas, Waller County Judge Glenn Beckendorff, Waller

County Commissioner Frank Pokluda, Waller County Commissioner Stan Kitzman, Waller County Commissioner Jeron Barnett, and Waller County Commissioner John Amsler, In Their Official Capacities, in the 506th District Court of Waller County, Texas, gave rise to two related proceedings, as that term is defined by Local Rule 1.1(b), both of which were assigned and determined by the First Court of Appeals. There was an interlocutory appeal, *see* Exhibits A and B (Opinion and Judgment from the First Court of Appeal in No. 01-14-00946-CV) and an original proceeding, *see* Exhibit C (First Court's order denying petition for writ of mandamus in No. 01-14-00916-CV).

The parties therefore pray that this Court transfer the case to the First Court of Appeals.

Respectfully submitted,
**OLSON & OLSON, L.L.P.**

By: /s/ Eric C. Farrar
Eric C. Farrar
State Bar No. 24036549
efarrar@olsonllp.com
Wortham Tower, Suite 600
2727 Allen Parkway
Houston, Texas 77019
Telephone: (713) 533-3800
Facsimile: (713) 533-3888

**ATTORNEYS FOR APPELLEE
CITY OF HEMPSTEAD**

/s/ V. Blayre Pena
V. Blayre Pena
Hance Scarborough, LLP
400 W. 15th Street, Suite 950
Austin, Texas 78701
Facsimile (512) 482-6891
E-Mail: bpena@hslawmail.com

**ATTORNEYS FOR APPELLEE CALH**

/s/ Elton R. Mathis, Jr.
Elton R. Mathis, Jr.
Waller County Criminal
District Attorney
645 12th Street
Hempstead, Texas 77445
Facsimile: (979) 826-7722

/s/ Ruhee G. Leonard
Ruhee G. Leonard
Waller County Criminal
District Attorney
645 12th Street
Hempstead, Texas 77445
Facsimile: (979) 826-7722

**ATTORNEYS FOR APPELLEE WALLER COUNTY AND ITS ELECTED OFFICALS IN THEIR OFFICAL CAPACITY**

/s/ David A. Carp
David A. Carp
Herzog & Carp
427 Mason Park Boulevard
Katy, Texas 77450
Facsimile (713) 781-4797

**ATTORNEYS FOR APPELLANTS**

/s/ Brent W. Ryan
Brent W. Ryan
McElroy, Sullivan, Miller,
Weber & Olmstead, L.L.P.
P.O. Box 12127
Austin, Texas 78711
Facsimile (512) 327-6566

**ATTORNEYS FOR APPELLEE
PINTAIL LANDFILL, LLC**

## CERTIFICATE OF CONFERENCE

The parties who have not signed this motion were contacted by the undersigned, most recently via email on the afternoon of June 2, 2015. Counsel for appellants is not opposed. Counsel for Pintail Landfill, LLC was contacted via email on May 22, 2015, but did not state whether Pintail was opposed or not. Counsel for Pintail did not respond to the email on June 2, and therefore it is not known whether Pintail opposes the transfer or not.

/s/ Eric C. Farrar
Eric C. Farrar

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on June 3, 2015 this Joint Motion to Transfer was served on counsel for all parties via eservice:

David A. Carp
Herzog & Carp
427 Mason Park Boulevard
Katy, Texas 77450
Facsimile (713) 781-4797
dcarp@hcmlegal.com
**Attorney for Appellant**

Ms. Carol Chaney
Law Office of Carol A. Chaney
820 13th Street
P.O. Box 966
Hempstead, Texas 77445
Facsimile (979) 826-6637
E-Mail:
carol.chaney@thechaneyfirm.net
**Attorneys for Citizens**
**Against the Landfill in Hempstead**

Mr. Brent W. Ryan
McElroy, Sullivan, Miller,
Weber & Olmstead, L.L.P.
P.O. Box 12127
Austin, Texas 78711
Facsimile (512) 327-6566
E-Mail: bryan@msmtx.com
**Attorney for Pintail Landfill, LLC**

Ms. V. Blayre Pena
Hance Scarborough, LLP
400 W. 15th Street, Suite 950
Austin, Texas 78701
Facsimile (512) 482-6891
E-Mail: bpena@hslawmail.com
**Attorneys for Citizens**
**Against the Landfill in Hempstead**

Elton R. Mathis, Jr.
Waller County District Attorney
Ruhee G. Leonard
Assistant District Attorney
645 12th Street
Hempstead, Texas 77445
Facsimile: (979) 826-7722
E-Mail: e.mathis@wallercounty.us
**Attorney for Waller County,**
**Texas**

/s/ Eric C. Farrar
Eric C. Farrar

Opinion issued November 26, 2014



In The

# Court of Appeals

For The

# First District of Texas

————————————

NO. 01-14-00946-CV

————————————

**WALLER COUNTY, TEXAS
AND
COUNTY JUDGE GLENN BECKENDORFF, COMMISSIONER FRANK
POKLUDA, COMMISSIONER STAN KITZMAN, COMMISSIONER
JERON BARNETT, AND COMMISSIONER JOHN AMSLER, IN THEIR
OFFICIAL CAPACITIES AS THE WALLER COUNTY
COMMISSIONERS COURT, Appellants**

**V.**

**CITY OF HEMPSTEAD, TEXAS
AND
CITIZENS AGAINST THE LANDFILL IN HEMPSTEAD, Appellees**

On Appeal from the 506th District Court
Waller County, Texas
Trial Court Case No. 13-03-21872

# EXHIBIT A

**O P I N I O N**

Appellants Waller County, Texas and its Commissioners Court consisting of County Judge Glenn Beckendorff and County Commissioners Frank Pokluda, Stan Kitzman, Jeron Barnett, and John Amsler, all acting in their official capacities (collectively, Waller County), filed a notice of interlocutory appeal. The County attempts to invoke our jurisdiction by asserting that the trial court denied a motion for summary judgment on jurisdictional grounds and thereby effectively denied its plea to the jurisdiction. *See* TEX. CIV. PRAC. & REM. CODE § 51.014(a)(8) (West. Supp. 2014). Appellees, the City of Hempstead and Citizens Against the Landfill in Hempstead (CALH) contest jurisdiction and have moved to dismiss the appeal.

Because the procedural circumstances of this case do not demonstrate that any ruling of the trial court has resolved the County's jurisdictional challenge in the trial court and thereby effectively denied a plea to the jurisdiction, we dismiss the appeal.

### Background

The City of Hempstead filed suit against Waller County, and CALH intervened as a plaintiff. The lawsuit challenges the County's authority to prohibit the disposal of solid waste in certain areas of the County, by way of an ordinance relating to the proposed creation of a landfill on a site that partially overlaps the City's extraterritorial jurisdiction.

Waller County filed both a plea to the jurisdiction and a motion for partial summary judgment on no-evidence and traditional grounds. In the no-evidence portion of the summary-judgment motion, the County argued, among other things, that there was no evidence to support a claim that the challenged ordinance was enacted without authority so as to invoke the district court's "general supervisory control" over the commissioners court. *See* TEX. CONST. art. V, § 8.

The trial court entered an order denying Waller County's motion for summary judgment, and it has not expressly ruled on the plea to the jurisdiction. At the conclusion of a hearing on the matter, the trial court explained that it was reserving its ruling on the jurisdictional challenge, stating:

> The Court finds that the pleas to the jurisdiction by the defendants are not ripe for ruling and rather than conduct an evidentiary hearing and a trial on the merits to ascertain and determine the facts, the Court finds that judicial economy dictates proceeding with jury selection and presentation of evidence commencing on December the 1st, 2014. The Court will make a ruling at the appropriate time.

This Court has denied a mandamus petition which sought to compel a pretrial ruling on the jurisdictional plea, *In re Waller Co.*, No. 01-14-00916-CV (Tex. App.—Houston [1st Dist.] Nov. 21, 2014), and a similar petition has been filed with the Supreme Court of Texas.

After we denied the mandamus petition, Waller County filed its notice of interlocutory appeal from the denial of its motion for summary judgment, which it characterizes as having effectively denied the plea to the jurisdiction. The

appellees filed a motion to dismiss the appeal for want of interlocutory appellate jurisdiction, and the County has filed a response to that motion.

**Analysis**

An immediate appeal may be taken from an interlocutory order of a district court that grants or denies a plea to the jurisdiction by a governmental unit. TEX. CIV. PRAC. & REM. CODE § 51.014(a)(8). Waller County asserts that it is entitled to an interlocutory appeal and automatic stay of trial proceedings, *see id.* § 51.014(b) & (c), because the denial of its motion for summary judgment, which raised jurisdictional issues similar to those in the plea to the jurisdiction, implicitly or effectively denied the jurisdictional plea.

The mandamus record previously filed and expressly relied upon by the County in its attempt to demonstrate appellate jurisdiction instead shows that the trial court has not ruled on the jurisdictional issues raised in the plea to the jurisdiction. The trial court expressly refused to rule on the issues raised in the plea to the jurisdiction on the basis that such issues were not ripe. The record independently supports the trial court's oral characterization of its rulings, because the motion for summary judgment could have been denied due to the existence of genuine issues of material fact, without resolving the merits of the jurisdictional plea. Put another way, if we were to exercise interlocutory jurisdiction over this appeal and affirm the trial court's ruling because of genuine issues of material

4

jurisdictional facts, Waller County would still be free to assert its jurisdictional challenge based on the resolution of the disputed fact issues. Thus we cannot infer a denial of the jurisdictional plea from the denial of the motion for summary judgment.

Waller County relies upon *Thomas v. Long*, 207 S.W.3d 334, 339 (Tex. 2006), and *Lazarides v. Farris*, 367 S.W.3d 788, 796–97 (Tex. App.—Houston [14th Dist.] 2012, no pet.), for the proposition that an order denying a motion for summary judgment in which the movant challenges the trial court's jurisdiction is eligible for an interlocutory appeal. We find both cases to be distinguishable.

In *Thomas*, the record on appeal did not include an order explicitly denying a plea to the jurisdiction, but it did include a motion for summary judgment challenging the trial court's subject matter jurisdiction. *Thomas*, 207 S.W.3d at 338–39. The Supreme Court held that Section 51.014(a)(8) provided for an interlocutory appeal when a trial court denies a governmental unit's challenge to subject matter jurisdiction, irrespective of the procedural vehicle used. *Id*. at 339. Although the trial court did not explicitly deny the relief sought in the defendant's motion for summary judgment challenging the trial court's jurisdiction, it did affirmatively grant relief to the plaintiff on claims that were subject to those jurisdictional challenges. Accordingly, the Supreme Court concluded that "the trial court's rulings on the merits of some claims for which [defendant] argued the trial

5

court lacked subject matter jurisdiction constitute an implicit rejection of [defendant's] jurisdictional challenges." *Id*. Unlike *Thomas*, there has been no ruling by the trial court in this case on the merits of the appellees' claims from which it could be implied that Waller County's jurisdictional arguments had been rejected.

In *Lazarides*, the appellant filed a plea to the jurisdiction and a motion for summary judgment asserting various jurisdictional challenges. *Lazarides*, 367 S.W.3d at 795. Although the trial court did not expressly grant or deny the appellant's plea to the jurisdiction, it denied the summary judgment motion. *Id*. at 796. Following *Thomas*, the Fourteenth Court held that "[w]hen the record does not contain an order granting or denying a plea to the jurisdiction, but does include an order denying a motion for summary judgment in which the movant challenged the trial court's jurisdiction, an interlocutory appeal may be taken under subsection (a)(8) irrespective of the selected procedural vehicle." *Id*. at 797–98 (citing *Thomas*, 207 S.W.3d at 339). Unlike *Lazarides*, the trial court in this case explicitly stated, and the record confirms, that the denial of the County's motion for summary judgment did not imply an adverse ruling on the jurisdictional issues. Instead, the issues remain before the trial court pending resolution of the disputed jurisdictional facts.

Finally, the jurisdictional challenges in *Thomas* and *Lazarides* appear to have been raised in traditional motions for summary judgment. Although a trial court's jurisdiction may be challenged in a traditional motion for summary judgment, the record in this case demonstrates that Waller County's alleged jurisdictional arguments only were raised in the no-evidence portion of its motion for summary judgment. But this court has previously held that "a court's subject-matter jurisdiction cannot be challenged in a no-evidence motion for summary judgment." *Green Tree Servicing, LLC v. Woods*, 388 S.W.3d 785, 794 (Tex. App.—Houston [1st Dist.] 2012, no pet.); *accord Thornton v. Northeast Harris County MUD 1*, No. 14-13-00890-CV, 2014 WL 3672897, at *11 (Tex. App.—Houston [14th Dist.] July 24, 2014, pet. filed). Accordingly, no denial of a jurisdictional plea can be inferred from the denial of a no-evidence summary judgment argued on jurisdictional grounds.

## Conclusion

Because the trial court did not rule on the plea to jurisdiction (either expressly or implicitly through its denial of Waller County's motion for summary judgment), we lack jurisdiction over this purported interlocutory appeal. We grant the appellees' motions and dismiss the appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a). CALH's request for sanctions in the event that the appeal is not

dismissed before December 1, 2014 is dismissed as moot. The Clerk is directed to issue the mandate immediately. *See* TEX. R. APP. P. 18.1(c).

Michael Massengale
Justice

Panel consists of Justices Jennings, Massengale, and Brown.



# JUDGMENT

# Court of Appeals

# First District of Texas

NO. 01-14-00946-CV

WALLER COUNTY, TEXAS
AND
COUNTY JUDGE GLENN BECKENDORFF, COMMISSIONER FRANK POKLUDA,
COMMISSIONER STAN KITZMAN, COMMISSIONER JERON BARNETT, AND
COMMISSIONER JOHN AMSLER, IN THEIR OFFICIAL CAPACITIES AS THE
WALLER COUNTY COMMISSIONERS COURT, Appellants

V.

CITY OF HEMPSTEAD, TEXAS
AND
CITIZENS AGAINST THE LANDFILL IN HEMPSTEAD, Appellees

Appeal from the 506th District Court of Waller County (Tr. Ct. No. 13-03-21872)

After inspecting the record of the court below, it is the opinion of this Court that it has no jurisdiction over the appeal. It is therefore **CONSIDERED, ADJUDGED, and ORDERED** that the appeal be dismissed.

The Court **orders** that this decision be certified below for observance.

Judgment rendered November 26, 2014.

Judgment rendered by panel consisting of Justices Jennings, Massengale, and Brown.


# EXHIBIT B

Opinion issued November 21, 2014



In The

# Court of Appeals

For The

## First District of Texas

—————————————

NO. 01-14-00916-CV

—————————————

**IN RE WALLER COUNTY, TEXAS, WALLER JUDGE GLENN BECKENDORFF, WALLER COUNTY COMMISSIONER FRANK POKLUDA, WALLER COUNTY COMMISSIONER STAN KITZMAN, WALLER COUNTY COMMISSIONER JERON BARNETT, AND WALLER COUNTY COMMISSIONER JOHN AMSLER, IN THEIR OFFICIAL CAPACITIES AS THE WALLER COUNTY COMMISSIONERS COURT, Relators**

---

**Original Proceeding on Petition for Writ of Mandamus**

---

# EXHIBIT C

# MEMORANDUM OPINION

Relators' petition for writ of mandamus is **denied**.[*] We dismiss all pending motions, including relators' emergency motion for stay, as moot.

## PER CURIAM

Panel consists of Justices Jennings, Massengale, and Brown.

---

[*] The underlying case is *City of Hempstead, Texas and Citizens Against the Landfill in Hempstead v. Waller County, Texas, County Judge Glenn Beckendorff, Commissioner Frank Pokluda, Commissioner Stan Kitzman, Commissioner Jeron Barnett, Commissioner John Amsler, and Pintail Landfill, L.L.C.*, cause number 13-03-21872, pending in the 506th District Court of Waller County, Texas, the Hon. Terrill L. Flenniken presiding.