Opinion issued June 23, 2016



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-15-00523-CV

———————————

**GLENN BECKENDORFF, IN HIS OFFICIAL CAPACITY AS WALLER COUNTY JUDGE, FRANK POKLUDA, IN HIS OFFICIAL CAPACITY AS WALLER COUNTY PRECINCT TWO COMMISSIONER, AND STAN KITZMAN, IN HIS OFFICIAL CAPACITY AS WALLER COUNTY PRECINCT FOUR COMMISSIONER, Appellants**

**V.**

**CITY OF HEMPSTEAD, TEXAS, CITIZENS AGAINST THE LANDFILL IN HEMPSTEAD, PINTAIL LANDFILL, LLC, AND WALLER COUNTY, TEXAS, Appellees**

---

On Appeal from the 506th District Court
Waller County, Texas
Trial Court Case No. 13-03-21872

---

**O P I N I O N**

This is an attempted appeal from an agreed final judgment against Waller County and its commissioners court. The putative appellants held positions on commissioners court at the time of trial, but after a jury rendered its verdict, their terms expired and they were replaced in office. Subsequently, the case was settled by their successors, and the trial court signed a final judgment. Dissatisfied with the settlement, the former officials then filed notices of appeal, purportedly in their official capacities associated with the offices they formerly held.

Because the former officials lack the official capacity that they claim for purposes of appealing the judgment, we dismiss the appeal.

### Background

The City of Hempstead filed suit against Waller County and the members of the Waller County Commissioners Court, each individually named but sued only in their official capacities. The dispute related to the proposed creation of a landfill on a site that partially overlaps the city's extraterritorial jurisdiction.[1] Pintail Landfill LLC, the waste disposal company engaged to construct and operate the landfill, was named as a co-defendant, and Citizens Against the Landfill in Hempstead ("CALH") intervened as a plaintiff. At the time the suit was filed and during the ensuing trial,

---

[1] We previously decided a pretrial interlocutory appeal arising from this case. *See Waller County v. City of Hempstead*, 453 S.W.3d 73, 74 (Tex. App.— Houston [1st Dist.] 2014, pet. denied).

Glen Beckendorff served as Waller County Judge, Frank Pokluda served as Commissioner for Waller County Precinct 2, and Stan Kitzman served as Commissioner for Waller County Precinct 4.

The case was tried to a jury, which rendered its verdict on December 18, 2014. Among other things, the jury found that the Waller County Commissioners Court deliberated non-legal matters in a closed meeting, relating to both Waller County Ordinance No. 2013-001 (authorizing disposal of solid waste within Hempstead's extraterritorial jurisdiction) and an agreement between the county and Pintail regarding the proposed landfill. In three separate questions, the jury also specifically found that Judge Beckendorff, Commissioner Pokluda, and Commissioner Kitzman each "failed to comply" with a legal requirement relating to public information.[2]

---

[2] With respect to each, the jury was asked to determine whether he "failed to comply with any of the following":

    (a)    Protecting public information from deterioration, alteration, mutilation, loss, or unlawful removal;

    (b)    Displaying a sign containing basic information about the rights of a requestor, the responsibilities of a governmental body, and the procedures for inspecting or obtaining a copy of public information at one or more places in the administrative offices of the governmental body where it is plainly visible to members of the public and employees of the governmental body;

    (c)    Promptly producing public information for inspection, duplication, or both upon request by any person for public information;

3

Because Judge Beckendorff did not seek re-election, and because Commissioners Pokluda and Kitzman lost their elections, all three of them no longer served as officers of Waller County effective January 1, 2015. On that date, a new county judge and new commissioners for precincts 2 and 4 were sworn into office.

The parties to the lawsuit subsequently reached a settlement agreement, and they filed a joint motion for entry of an agreed final judgment. The agreed final judgment (1) voided the challenged Waller County ordinance; (2) voided the agreement between Waller County and Pintail; and (3) required Waller County to pay attorney's fees to Hempstead and CALH. The document stated: "The charge of the Court and the verdict of the jury are incorporated for all purposes by reference, and attached hereto as Exhibit 1." The agreed final judgment was signed by attorneys for all parties, including the "Waller County Defendants" identified as "Waller County, Texas including the elected officials of the Waller County Commissioners Court, in their official capacities." The trial court signed the agreed final judgment.

---

(d)     Certifying in writing to the requestor within 10 business days after the date the information was requested, that public information requested could not be produced for inspection or duplication;

(e)     Notifying the requestor within 10 business days after the request of a date and hour within a reasonable time when the information would be available for inspection or duplication to the requestor.

Former county judge Beckendorff filed a notice of appeal, purportedly "in his official capacity as Waller County Judge." Former commissioners Pokluda and Kitzman subsequently filed a similar notice of appeal in which Pokluda purported to appeal "in his official capacity as Waller County Precinct Two Commissioner" and Kitzman purported to appeal "in his official capacity as Waller County Precinct Four Commissioner."

**Analysis**

Waller County, Hempstead, and CALH each filed motions to dismiss this appeal because the putative appellants are no longer members of the Waller County Commissioners Court. Among other legal arguments, the motions argue that Beckendorff, Pokluda, and Kitzman lacked the official capacity in which they claimed to file their notices of appeal. A party has capacity when it has the legal authority to act, regardless of whether it has a justiciable interest in the controversy. *See, e.g.*, *Nootsie, Ltd. v. Williamson Cnty. Appraisal Dist.*, 925 S.W.2d 659, 661 (Tex. 1996).

Although each former officeholder purports to pursue this appeal "in his official capacity," it is undisputed that each of them no longer held office effective January 1, 2015. The notices of appeal were filed after that date, at a time when they were no longer officials of Waller County and thus had no "official capacity." The former officials' lack of authority is further demonstrated by a resolution of the

5

Waller County Commissioners Court, filed in this court in support of Waller

County's motion to dismiss, which stated as follows:

> **WHEREAS**, following the verdict of the jury of December 18, 2014 in case entitled, *City of Hempstead and Citizens Against the Landfill in Hempstead v. Waller County, Texas, et al*.; Cause No. 13-03-21872, all parties filed a Joint Motion for Entry of Agreed Final Judgment; and
>
> **WHEREAS** in the Agreed Final Judgment signed on February 20, 2015, all parties to the suit represented that they had reached a settlement agreement concerning the jury verdict and the remaining legal and factual issues pending before the Court; and
>
> **WHEREAS** the Commissioners Court of Waller County, Texas finds that the Judgment was final and disposed of all claims and parties and became binding; and
>
> **WHEREAS** a Notice of Appeal from the Agreed Final Judgment was then filed on April 2, 2015 by Glenn Beckendorff, purporting to be in his official capacity as Waller County Judge; and
>
> **WHEREAS** Frank Pokluda and Stan Kitzman both purporting to be in their official capacities as Commissioner Precinct 2, and Commissioner Precinct 4, respectively, joined in the Notice of Appeal filed by Glenn Beckendorff; and
>
> **WHEREAS**, the appellants Glenn Beckendorff, Frank Pokluda, and Stan Kitzman have no authority and standing to appeal the Agreed Final Judgment because appellants have ceased to hold office after December 31, 2014; and
>
> **WHEREAS**, the Commissioners Court of Waller County, Texas has given no authorization to pursue an Appeal of the Agreed Final Judgment, and
>
> **WHEREAS**, the Commissioners Court does not seek to disturb the Agreed Final Judgment reached with all parties in the original suit;
>
> **NOW THEREFORE, BE IT RESOLVED,** that Waller County acting by and through its Commissioners Court respectfully requests that the Court of Appeals . . . dismiss the current pending matter entitled, *Glenn*

6

*Beckendorff, in his Official Capacity as Waller County Judge, et al. v. City of Hempstead, et al . . . .*

This court requested a response to the motions to dismiss. In the response, little was offered in the way of argument. The entire substance of that response was:

> It is not disputed that Appellants Beckendorff, Kitzman and Pokluda were sued in an official capacity and all ceased to continue to perform in their official capacities in which they had been sued as of an election which was held prior to January 1, 2015.

> However, an alleged Agreed Final Judgment did not automatically substitute officers as per TEX. R. APP. P. 7.2(a). (See the alleged Agreed Final Judgment, which can be found at Vol. 200 pg. 154 of the Waller County Civil Minutes.) Jury Question Nos. 7-9 which were attached to the "Agreed Final Judgment" failed to show any questions which found any need for the findings of fact and conclusions of law. And thus they were precluded to need or use same for settlement.

This response reflects the apparent gravamen of this attempted appeal, the former officials' dissatisfaction that the dispute was settled by their successors, and that the jury charge and verdict (which mentioned them by name), were attached to the final judgment. Nevertheless, the final judgment imposes no obligations on the former officials in their individual capacities. And while Beckendorff, Kitzman, and Pokluda allude to a perceived failure to formally "substitute officers" as parties to the trial court proceeding, the final judgment generically references "the elected officials of the Waller County Commissioners Court, in their official capacities." The only mention of the former officeholders by name appears in the jury verdict attached to the final judgment, which as matters of historical fact accurately reflected

7

both that Beckendorff, Pokluda, and Kitzman were named parties at the time of trial and that the jury was asked questions about their individual conduct.

We express no opinion about the merits of the former officials' complaints about the post-trial procedures followed with respect to the settlement of the case and the entry of an agreed final judgment with the jury verdict attached. The former officials, acting in their individual capacities, had procedural tools available to object to perceived defects affecting them, such as a motion to intervene in the trial court in their individual capacities, *see* TEX. R. CIV. P. 60, and the availability of mandamus review if they were adversely affected by the trial court's abuse of its discretion under circumstances leaving them no possibility of appeal. We simply hold that, having been divested of their official authority at the expiration of their terms in office, they then lacked official capacity to appeal from the final judgment.[3] Their notices of appeal, relying upon empty claims of authority based on the official capacities of current officeholders, were factually inaccurate. Beckendorff, Kitzman, and Pokluda claim no other basis of authority to pursue their attempted appeal.

---

[3] Because Beckendorff, Kitzman, and Pokluda lost their official capacity to represent Waller County while this case was still pending in the trial court and before the initiation of any appeal, Appellate Rule 7.2(a), providing for the automatic substitution of an officer as party in an official capacity to an appeal, has no application.

**Conclusion**

In light of the undisputed facts that former county judge Beckendorff, former commissioner Pokluda, and former commissioner Kitzman lack the "official capacity" each claimed as authority to file a notice of appeal, we hold that as a matter of law, they likewise lacked the necessary capacity to appeal from the judgment. The motions to dismiss this appeal are granted. *See* TEX. R. APP. P. 42.3(a). All other pending motions are denied.

                                                   Michael Massengale
                                                   Justice

Panel consists of Justices Jennings, Massengale, and Huddle.

Justice Jennings, dissenting.