**PUBLIC UTILITY COMMISSION of Texas, Appellant,**

**v.**

**WATER SERVICES, INC., et al., Appellees.**

**No. 14477.**

Court of Appeals of Texas, Austin.

April 30, 1986.

Rehearing Denied May 28, 1986.

Jim Mattox, Atty. Gen., Carole J. Vogel, Asst. Atty. Gen., Austin, for appellant.

Celia W. Kilgore, Small, Craig & Werkenthin, Austin, for appellees.

Before SHANNON, C.J., and KLINGEMAN [1] and CARROLL, JJ.

SHANNON, Chief Justice.

After the Public Utility Commission entered its final order disposing of an application by appellees Water Services, Inc. and Water Services Two, Inc. for a change in water rates, appellees challenged the order by an administrative appeal filed in the district court of Travis County. Ancillary to their suit for judicial review, appellees sought a temporary injunction, asserting they would go bankrupt if the Commission's rates were not enjoined pending review on the merits. After hearing, the district court temporarily enjoined the agency from enforcing its final order until the district court rendered judgment on the merits. The agency has perfected an appeal to this Court from the order of temporary injunction. This Court will affirm the order.

In its order, the district court concluded, among other things, that interim enforcement of the agency's order would irreparably harm appellees, that appellees would probably prevail on the merits, and that

1. Before Fred V. Klingeman, Justice (retired), Fourth Court of Appeals, sitting by assignment.

appellant could be adequately protected by bond.

For a temporary injunction to issue in a proceeding ancillary to judicial review of a Commission order, it must appear that: (1) there is a reasonable probability that the utility will succeed on final hearing; (2) the loss in the interim will be irreparable; and (3) the customers can be adequately protected by bond. *Southwestern Bell Telephone Company v. Public Utility Commission of Texas,* 571 S.W.2d 503, 506 (Tex.1978); *City of Houston v. Southwestern Bell Telephone Company,* 263 S.W.2d 169 (Tex.Civ.App.1953, writ ref'd); and *Southwestern Bell Telephone Company v. Public Utility Commission of Texas,* 615 S.W.2d 947, 952 (Tex.Civ.App.1981), writ ref'd n.r.e. per curiam, 622 S.W.2d 82 (Tex.1981).

At the hearing on temporary injunction, the district court, in arriving at its conclusion that appellees would probably succeed on final hearing, confined its review to the agency record which had been introduced into evidence. With respect to irreparable harm and the adequacy of the bond, the district court permitted appellees to call two witnesses who testified concerning those temporary injunction requirements.

By several points of error, the agency complains that the district court erred in permitting evidence to be taken concerning irreparable harm and the bond's adequacy. The agency insists that the temporary injunction hearing was an integral part of the judicial review process, and that, accordingly, the district court's consideration of evidence should have been confined solely to the agency record as required by Tex.Rev.Civ.Stat.Ann. art. 6252–13a (APTRA), § 19(d)(3) (Supp.1986). Section 19(d)(3) provides that judicial review is confined to the agency record except for evidence of procedural irregularities not reflected in the agency record. In addition, the agency argues that *Southwestern Bell*

*See* Tex.Rev.Civ.Stat. 1812.

*Telephone Co. v. Public Utility Commission of Texas,* 571 S.W.2d 503 (Tex.1978), mandates that the trial court's determination of the applicant's right to a temporary injunction must be founded solely on evidence contained in the agency record.

Appellees agree that the district court correctly limited itself to the agency record in passing on the first requirement of a temporary injunction—the probability of prevailing on final hearing. Appellees respond, however, that a hearing on application for temporary injunction ancillary to judicial review of the agency order is not "judicial review" as contemplated by § 19. Instead, the district court signed an order in equity temporarily restraining enforcement of the agency order thereby permitting appellees to avoid bankruptcy until judicial review of the order could be obtained. Appellees point out that the district court in the temporary injunction hearing did not receive extrinsic evidence on an issue adjudicated by the agency because the agency was never called upon to determine whether its order would cause irreparable harm.

■ This Court has concluded that the district court did not err in permitting evidence bearing on irreparable harm and the bond's adequacy to be taken at the temporary injunction hearing. In arriving at this conclusion, this Court has endeavored to reconcile administrative law and temporary injunction procedures in a manner consistent with PURA, APTRA and *Southwestern Bell Telephone Company v. Public Utility Commission, supra.*

Section 85 of PURA, Tex.Rev.Civ.Stat. Ann. art. 1446c (Supp.1986), contemplates that the district court in granting or refusing an application for temporary injunction will follow the rules of practice of a court sitting in equity. Section 85 provides:

> During the pendency of an appeal, the district court, the court of civil appeals, or the supreme court, as the case may be, may stay or suspend, in whole or in part, the operation of the regulatory authority order, ruling, or decision and

> such courts in granting or refusing a stay or suspension shall act in accordance with the practice of courts exercising equity jurisdiction. (emphasis supplied)

■ The trial court's allowance or disallowance of a temporary injunction is an equitable procedure governed by a voluminous body of case law dating from the earliest days of our jurisprudence. We believe that the legislature in § 85 plainly intended to refer to that well-established case law when it referred to "the practice of courts exercising equity jurisdiction." Pursuant to the case law governing the issuance of temporary injunctions, a trial court may conduct an evidentiary hearing to determine whether an applicant is entitled to a temporary injunction.

This Court acknowledges, of course, "the far-reaching changes intended by the adoption of the Administrative Procedure Act." *Southwestern Bell Telephone Co. v. Public Utility Commission, supra.* We are not convinced, however, that the Act was intended to achieve such sweeping changes in temporary injunction procedures.

The far-reaching changes recognized by the Supreme Court in *Southwestern Bell* did not specifically deal with temporary injunctions, but instead addressed judicial review on the merits. The opinion in *Southwestern Bell* opens with a brief discussion of temporary injunctions, but then, under a separate heading entitled "Judicial Review," proceeds to investigate the far-reaching changes wrought by the Administrative Procedure Act. The Supreme Court's recognition that a temporary injunction hearing is not the same as a hearing on the merits echoes throughout our jurisprudence. The same distinction is reflected in the Public Utility Regulatory Act itself, where § 85, governing temporary injunctions, is contained in Article XIII, "Miscellaneous Provisions," rather than in Article X, "Judicial Review." Many opinions reviewing temporary injunction orders emphasize that the court is not addressing the merits of the appeal but is merely addressing the applicant's right to a provisional

remedy pending a hearing on the merits. *See Godley v. Duval County,* 361 S.W.2d 629 (Tex.Civ.App.1962, no writ); *Anderson v. Tall Timbers Corp.,* 162 Tex. 450, 347 S.W.2d 592, 594 (1961), ["This opinion is not to be construed as passing on the merits of the case in any respect. Its sole function is to uphold the action of the trial court in granting the temporary injunction."]

Given this distinction between the hearing on temporary injunction and the hearing on the merits, the Supreme Court in *Southwestern Bell* nonetheless suggested that in a temporary injunction hearing the district court should confine its review to the agency record *whenever the court is reviewing agency action.* Accordingly, in this appeal, the district court properly limited its review of the first requirement of a temporary injunction, probability of success on the merits, to the evidence contained in the agency record.

■ Although the Court in *Southwestern Bell* determined that the first requirement of the temporary injunction test— probability of success on the merits— should be determined from the agency record, the opinion does not speak as to how the other prongs of the test (irreparable injury and adequate bond) should be determined. According to equity practice, an applicant for temporary injunction must demonstrate that irreparable injury is threatened during the period between the temporary injunction hearing and trial on the merits. *See Millwrights Local Union No. 2484 v. Rust Engineering Co.,* 433 S.W.2d 683, 686 (Tex.1968), ["To authorize issuance of the writ [of temporary injunction], Rust had the burden of ... offering evidence tending to prove its probable right thereto on final hearing and of *probable injury in the interim.*" (Emphasis added) ]; *Martin v. Linen Systems for Hospitals, Inc.,* 671 S.W.2d 706 (Tex.Civ.App. 1984, no writ); *Executive Tele-Communication System v. Buchbaum,* 669 S.W.2d 400, 402 (Tex.App.1984, no writ), ["The function of a temporary injunction is not to resolve the merits of a claim but to prevent threatened or continuous irremediable injury before a claim can be adjudicated fully."]

Accordingly, the applicant for temporary injunction must introduce evidence which is current as of the time of the hearing. In the present appeal, appellees introduced evidence that they would be bankrupt before review on the merits if a temporary injunction did not issue. To demonstrate this, Water Services was required to present evidence of its financial status at the time of the temporary injunction hearing, some one to two years after the agency hearing. Necessarily, such evidence would not be in the agency record because it did not exist at the time of the agency hearing.

■ In sum, a hearing on a temporary injunction ancillary to an administrative appeal is not "judicial review" as contemplated by § 19 of APTRA. The district court conducts the hearing "in accordance with the practice of courts exercising equity jurisdiction." PURA § 85. Accordingly, the district court may receive evidence at the hearing, although only evidence in the agency record is relevant to the issue of "probability of success on the merits." The district court, however, may receive extrinsic evidence addressing the narrow issues of irreparable injury and adequacy of bond.

The agency's other points of error are without merit and are overruled.

The order is affirmed.