Mike PARKER, Carl Henderson, Lovil Hudson, Leonard Jones, L.O. Nail, Individually and as Members of the Commissioners Court of Panola County, Texas, Appellants,

v.

George WHITE, Appellee.

No. 12–91–00189–CV.

Court of Appeals of Texas, Tyler.

Sept. 6, 1991.

Otis Carroll, Ireland, Carroll & Kelley, Tyler, for appellants.

Robert A. Goodwin, Center, for appellee.

PER CURIAM.

This is an appeal from a writ of mandamus granted by the trial court against the appellants directing appellants to hold a rollback election pursuant to TEX.PROP.TAX CODE ANN. § 26.07 (Vernon 1982 and Supp. 1991). The writ of mandamus was signed by the trial judge on April 6, 1991. On April 26, 1991, appellants filed a request for findings of fact and conclusions of law, as well as a written notice of appeal.[1]

Upon review of the transcript in this cause, this Court determined that no bond or cash deposit had been filed and thus, our jurisdiction was in question. Pursuant to TEX.R.APP.P. 60(a)(2), notice was sent on July 26, 1991 that the cause would be dismissed unless cause was shown for continuing the appeal.

On July 29, 1991, appellants responded to the notice asserting that pursuant to the authority of TEX.CIV.PRAC. & REM. CODE ANN. § 6.001 they, as commissioners of the County Court, were not required to file a cost bond on appeal. In support of that position, appellants cite *El Paso Central Appraisal District v. Montrose Partners*, 754 S.W.2d 797 (Tex.App.—El Paso 1988, writ den'd). That case is an appeal from a summary judgment in favor of the Appraisal District in an appeal from a deci-

sion of the Appraisal Review Board. In the original opinion, the Court denied a motion to dismiss in which the property owners contended that the Appraisal District and Review Board had not filed a cost bond and therefore had not perfected an appeal. The Court denied the motion under the authority of *Dallas County Appraisal District v. Institute for Aerobics Research*, 751 S.W.2d 860 (Tex.1988), saying "When a governmental entity is exempt from filing an appeal bond, its governmental board is also exempt." *Id.* at 798.

The Dallas County Appraisal District case was an appeal from a summary judgment allowing an exemption in an ad valorem tax case. Recognizing its past holdings that "the governmental agency of an entity which is excused by law from the requirement of filing an appeal bond is itself excused," the Supreme Court held that the appraisal district, as "a governmental agent of the county for purposes of appraising property for ad valorem taxation," was entitled to the exemption from filing a bond that the legislature granted to counties from filing a bond to perfect an appeal. *Id.* at 861.

The case before us however, does not involve the commissioners' court or the county as entities. The parties are the individuals holding seats as commissioners, in both their official and individual capacities. In *Ploch v. Dickison*, 223 S.W.2d 568 (Tex.Civ.App.—El Paso 1949, no writ), the appeals court dismissed the appeal of the county judge and four commissioners because they had not filed a cost bond to perfect their appeal. The county judge and commissioners sought to appeal a writ of mandamus ordering them to amend the county budget. In *Strength v. Black*, 241 S.W. 281 (Tex.Civ.App.—Texarkana 1920), *reversed on other grounds*, 112 Tex. 188, 246 S.W. 79 (Tex.1922), the appeals court reached the same conclusion even though

---

1. The request for findings of fact and conclusions of law extended the time for perfecting an appeal from 30 days after the writ was signed until 90 days after the writ was signed. TEX. R.APP.P. 41(a)(1). Thus, the notice of appeal,

even if sufficient to perfect the appeal, was premature. As such, it is effective to have perfected the appeal and is deemed to have been filed timely.

the commissioners were sued in their official capacities.

Two more recent cases hold that the exemption from giving bond applies when the suit is against the government officials for action to be taken in official capacity or expenditure of governmental monies. The Amarillo Court of Appeals focused on the capacity in which the relief sought could be performed, and held that in an appeal in a suit to reinstate a student of a public university, the university officials were exempt from the bond requirement. *Cornette v. Aldridge*, 404 S.W.2d 138 (Tex.Civ. App.—Amarillo 1966, writ ref'd n.r.e.). The Dallas Court of Appeals expressly rejected the authority of *Strength* and *Ploch* in *Weber v. Walker*, 591 S.W.2d 559 (Tex. Civ.App.—Dallas 1979, no writ). In *Weber*, the court focused on the nature of the complaint made against the county judge and the commissioners. In that case, the appeals court characterized the suit as one "to require appropriation and expenditure of county funds to employ additional deputies" and found that the suit was, in reality, one against the county and no bond was required of the county judge and commissioners named as parties to the suit. *Id.* at 563.

Under the *Strength* and *Ploch* approach, clearly the appellants in this case would be required to file a bond to perfect their appeal. However, we believe that the approach taken by the Amarillo and Dallas courts is the correct approach, and we find that under that approach the result is different.

The applicable statute, imposing the duty that appellants were ordered to perform, is TEX.PROP.TAX CODE ANN. § 26.07 (Vernon 1982 and Supp.1991). Section 26.07 speaks in terms of "the governing body of the taxing unit." "The governing body" must determine if the petition is valid and if it is, order an election. *Id.* The duties are imposed upon "the governing body." No individual commissioner or the county judge is authorized to act under section 26.07. The actions to be taken directly affect the revenues available to the county. Therefore, we conclude that the duties imposed

by section 26.07 are imposed upon the governing body as the agent for the county. Under the approach taken by the Dallas and Amarillo Courts of Appeals, and which we adopt, the appellants in this case are not required to give security for costs on appeal.

When security for costs is not required, an appeal is perfected by the filing of a written notice of appeal. TEX.R.APP.P. 40(a)(2). Appellants timely filed a written notice of appeal with the clerk of the trial court. Thus, they have properly invoked the jurisdiction of this Court.