George GREANIAS, Appellant,

v.

CITY OF HOUSTON, Texas, Appellee.

No. 01–92–00516–CV.

Court of Appeals of Texas, Houston (1st Dist.).

May 14, 1992.

Jess Hall, Liddell, Sapp, Zivley, Hill & LaBoon, Houston, for appellant.

Benjamin Hall, City Atty., Susan T. Taylor, Asst. City Atty., Paul Bibler Lynne Liberato Jeff Nobles, Michelle E. McCoy, Houston, for appellee.

Before DUGGAN, COHEN and WILSON, JJ.

## ORDER

PER CURIAM.

The City asks us to hold its controller, George Greanias, in contempt of court for refusing to comply with the trial court's peremptory writ of mandamus of May 8, 1992, ordering Greanias to sign all documents necessary to authorize the issuance of $17.7 million of bonds to pay for settlements in five law suits against the city.

We decline to do so and deny the City's motion.

This appeal raises questions of great public importance in our community. The first question is whether the city council may legally issue bonds that have not been submitted to the voters for their approval in an election. The City says it can; Greanias says it cannot. The second question is whether Greanias was denied due process of law, specifically the legally required time for notice and a right to be heard in the trial court, by a lawsuit that proceeded from filing to judgment in 32 hours.

The City filed its law suit at 8:42 a.m., on May 7. On May 8, at 4:45 p.m., the trial judge granted the writ and ordered Greanias to sign the bonds by 5:00 p.m., Monday, May 11. The trial judge ordered Greanias to file notice of appeal by 2:00 p.m. on Monday, May 11. Greanias refused to sign, and filed notice of appeal within that time. Greanias filed a writ of mandamus in this Court, asking that we set aside the trial court's peremptory writ of mandamus and order a new trial because the trial court's fast action denied him notice, the opportunity to prepare, and the opportunity to present witnesses. In an unpublished order of May 13, we denied Greanias' request for relief. We denied the writ of mandamus because we held that Greanias had an adequate remedy by appeal. We also held that Greanias could not complain about the trial court's order shortening the deadline to give notice of appeal because he complied with the deadline, thus rendering any complaint moot. In the same opinion, we held that because Greanias had perfected his appeal, the trial judge had no power to hold him in contempt, such power being exclusively vested in the appellate court. *Ex parte Boniface*, 650 S.W.2d 776, 778 (Tex.1983). The City then moved to hold Greanias in contempt.

■ The City vigorously contends that rapid action was necessary in the trial court and is necessary in this court because, under its agreements to settle the law suits, it promised to pay $1.6 million more than the $17.7 million if it did not

make the payments by May 15. Because of this self-imposed deadline, the City would have us resolve the merits of several important and difficult issues without clear procedural precedents to guide us by 5:00 p.m. today, May 14, a total of six hours and 41 minutes after it filed its motion for contempt. If we do that, this lawsuit is over because once Greanias signs the bonds, they are incontestable.

We do not believe that is the proper way to resolve difficult issues of vital public importance. The orderly process of appellate review is needed in this case. We cannot grant the City's motion without approving the merits of the trial court's decision. If we do that, we will have ruled against Greanias without affording him the right to appeal. We do not consider today's rushed process of ruling on a motion for contempt in less than seven hours, and based on an incomplete record, to be an adequate substitute for appeal. It is not sufficient for Greanias because it gives him only a rushed, cramped version of an appeal in which to assert his contention that he had only a rushed, cramped version of a trial.

This issue will arise again, not only in Houston but also in other cities of this state. If the threat of fines and imprisonment for contempt were to force Greanias to capitulate and sign the bonds, the issue of who has the power to approve them, the city council or the voters, would be forever moot because the bonds would then be incontestable. That would frustrate the public interest because an issue of vital public importance that is not only capable of repetition but likely to be repeated would be insulated from appellate review. For all of these reasons, the motion for contempt is denied.

We again emphasize that we express no opinion on whether Greanias was denied due process of law or whether voter approval of the bonds is required. Those issues will be decided on appeal.

■ The City's motion to require Greanias to file a cost bond, instead of giving notice of appeal as directed by the trial court, is overruled. Tᴇx.Cɪᴠ.Pʀᴀᴄ. & Rᴇᴍ.

Cᴏᴅᴇ Aɴɴ. § 6.002(b) allows a home-rule municipality to appeal from judgment without giving a cost or supersedeas bond. Courts have extended this exemption from filing bonds to city officials sued in their official capacities. *Parker v. White*, 815 S.W.2d 893, 895 (Tex.App.—Tyler 1991, no writ); *Cornette v. Aldridge*, 404 S.W.2d 138 (Tex.Civ.App.—Amarillo 1966, writ ref'd n.r.e.); *Weber v. Walker*, 591 S.W.2d 559 (Tex.Civ.App.—Dallas 1979, no writ).