**CITY OF RIO GRANDE CITY, TEXAS, and Joel Villarreal, Herman R. Garza III, Arcadio J. Salinas III, Rey Ramirez, and Dave Jones in their Official and Individual Capacities, Grande Garbage Collection Co., L.L.C.; and Patricio Hernandez, Appellants**

**v.**

**BFI WASTE SERVICES OF TEXAS, LP d/b/a Allied Waste Services of Rio Grande Valley, Appellee**

No. 04–15–00729–CV

Court of Appeals of Texas, San Antonio.

Delivered and Filed: April 4, 2016

Antonio Martinez, Martinez, Barrera y Martinez, LLP, Brownsville, TX, Jacqueline LeFevre Salinas, Salinas Law Firm, PLLC, Rio Grande City, TX, Brandy Wingate Voss, Law Offices of Brandy Wingate Voss PLLC, McAllen, TX, for City of Rio Grande City, Texas.

John David Franz, Law Office of John David Franz, McAllen, TX, Gilberto Hinojosa, Law Office of Gilberto Hinojosa & Associates, P.C., Brownsville, TX, for BFI Waste Services of Texas, LP.

Sitting: Patricia O. Alvarez, Justice, Luz Elena D. Chapa, Justice, Jason Pulliam, Justice

## OPINION

### OPINION ON MOTIONS TO DETERMINE EFFECT OF AUTOMATIC SUPERSEDEAS

Opinion by: Patricia O. Alvarez, Justice

On November 18, 2015, Appellants filed a joint notice of interlocutory appeal following the trial court's grant of a temporary injunction. On February 26, 2016, Appellants Grande Garbage Collection Co., LLC; City of Rio Grande, Texas; and its elected officials in their official and individual capacities, and Patricio Hernandez, individually, moved this court to determine the effect of Civil Practice and Remedies Code section 6.002 on the underlying proceedings. *See* Tex. Civ. Prac. & Rem. Code Ann. § 6.002 (West 2002) (allowing a city to supersede a judgment without posting security); Tex. R. App. P. 29.1 (suspending an interlocutory order if "the appellant is entitled to supersede the order without security by filing a notice of appeal"); *In re State Bd. for Educator Certification,* 452 S.W.3d 802, 809 (Tex.2014) (orig.proceeding).

Appellants argue section 6.002 exempts the City from posting security and its right to supersede an interlocutory order must apply to the city council members in their individual capacities, Grande Garbage Collection Co., L.L.C., and Patricio Hernandez, individually, even though none are expressly included under section 6.002. Appellants also argue that when the trial court granted Allied's application for a temporary injunction, (1) the trial court necessarily, though impliedly, denied Appellants' plea to the jurisdiction; (2) this appeal became subject to section 51.014(a)(8); and (3) the trial and all proceedings in the underlying suit are stayed. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014 (West Supp.2015) (appeals from interlocutory orders); *id.* § 51.014(a)(4) (temporary injunctions); *id.* § 51.014(a)(8) (pleas to the jurisdiction).

On March 10, 2016, Appellee BFI Waste Services of Texas, LP d/b/a Allied Waste Services of Rio Grande Valley filed a response. In its response, Allied argues that section 6.002 applies only to the City and the city council members in their official capacities, not the city council members in their individual capacities; Grande Garbage Collection Co., L.L.C.; or Patricio Hernandez. It also contends that (1) the trial court did not address or rule on Appellants' untimely filed plea to the jurisdiction, (2) this appeal is governed by section 51.014(a)(4) only, and (3) the interlocutory appeal does not stay trial or proceedings in the underlying suit. *See id.* § 51.014(a)(4) (temporary injunctions).

## NATURE OF THE APPEAL

We first address the present nature of the appeal—whether it is an appeal from an order granting a temporary injunction or from an order that necessarily denied a plea to the jurisdiction.

## A. Untimely Plea to the Jurisdiction

■ Appellants argue that when the trial court granted the temporary injunction, it necessarily denied the plea to the jurisdiction; but the record and the applicable law do not support Appellants' argument.

### 1. Temporary Injunction Hearing

At the February 19, 2016 hearing on the temporary injunction, the trial court noted Appellants did not timely serve notice of a plea to the jurisdiction hearing on Allied. *See* TEX. R. CIV. P. 21(b) (generally requiring that notice of a hearing "must be served upon all other parties not less than three days before the time specified for the hearing"); *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 229 (Tex. 2004) (suggesting the three-day notice period applies to a hearing on "a plea to the jurisdiction where evidence is necessary"). The City argued no notice was necessary, but the trial court observed that the City's plea to the jurisdiction "was not timely filed and [the City] did not give [Allied] the opportunity to respond." The trial court stated it would address the plea to the jurisdiction "at a later time, but we are going to proceed [on the temporary injunction hearing]." *Cf. Vill. of Tiki Island v. Ronquille*, 463 S.W.3d 562, 572 (Tex.App.–Houston [1st Dist.] 2015, no pet.) (similar procedural facts). The City objected to the trial court's refusal to first address its plea to the jurisdiction, and the trial court overruled the objection. *Cf. Waller Cty. v. City of Hempstead*, 453 S.W.3d 73, 75 (Tex.App.–Houston [1st Dist.] 2014, pet. denied) ("The trial court expressly refused to rule on the issues raised in the plea to the jurisdiction on the basis that such issues were not ripe.").

### 2. Thomas v. Long

Appellants argue *Thomas v. Long* supports their view that the trial court necessarily denied the plea to the jurisdiction

when it granted the temporary injunction. *See Thomas v. Long*, 207 S.W.3d 334, 339 (Tex.2006). They insist that because the trial court granted a temporary injunction, it necessarily ruled on the jurisdiction question. *See id.* Allied responds that *Thomas* is distinguishable because granting a temporary injunction is not a ruling on the merits.

In *Thomas*, plaintiff Long sued Sheriff Thomas and the Harris County Sheriff's Department; Long and Thomas filed motions for summary judgment. *Id.* at 336–37. Thomas's cross-motion for summary judgment expressly challenged the trial court's subject matter jurisdiction over some of Long's claims. *Id.* at 337. The trial court granted Thomas's motion in part, Thomas appealed, but the court of appeals dismissed his interlocutory appeal for want of jurisdiction. *Id.* The supreme court noted "Thomas's summary judgment motion clearly challenged the trial court's subject matter jurisdiction ... [and] the trial court's rulings on the merits of some claims for which Thomas argued the trial court lacked subject matter jurisdiction constitute an implicit rejection of Thomas's jurisdictional challenges." *Id.* at 339.

### 3. No Ruling on the Merits

In its February 19, 2016 order granting the temporary injunction, the trial court expressly refers to its February 19, 2016 hearing as "the February 19, 2016 Temporary Injunction hearing." The order expressly states the hearing was held to "consider[ ] [Allied's] application for a temporary injunction."

In *Thomas*, the trial court expressly ruled on the merits of some claims that Thomas had challenged for lack of jurisdiction; it denied in part Thomas's cross-motion for summary judgment. *Id.* The *Thomas* court determined the trial court's rulings on the summary judgment motions necessarily rejected Thomas's jurisdictional challenges against those claims. *Id.*

■ Unlike *Thomas*, the order here deals solely with the arguments pertaining to Allied's application for a temporary injunction. And contrary to Appellants' arguments, an order granting a temporary injunction is not necessarily a ruling on the merits. *See Iranian Muslim Org. v. City of San Antonio*, 615 S.W.2d 202, 208 (Tex. 1981) ("[T]he only question before the trial court in a temporary injunction hearing is whether the applicant is entitled to preservation of the status quo of the subject matter of the suit pending trial on the merits. The ruling on the temporary injunction may not be used to obtain an advance ruling on the merits ...." (citation omitted)); *Pub. Util. Comm'n v. Water Servs., Inc.*, 709 S.W.2d 765, 767 (Tex. App.–Austin 1986, pet. dism'd) ("The [s]upreme [c]ourt's recognition that a temporary injunction hearing is not the same as a hearing on the merits echoes throughout our jurisprudence."); *Tex. Emp't Comm'n v. Norris*, 634 S.W.2d 85, 88 (Tex.App.—Beaumont 1982, no writ) ("A hearing on an application for a temporary injunction is not a substitute for, nor does it serve the same purpose as the hearing on the merits." (citing *Sw. Weather Research, Inc. v. Jones*, 160 Tex. 104, 327 S.W.2d 417, 421–22 (1959))). Further, the trial court expressly stated it would not consider or rule on the jurisdictional arguments, and nothing in the record shows that it did. *Cf. Thomas*, 207 S.W.3d at 339 (ruling on the jurisdictional merits by granting and denying summary judgment motions on claims subject to jurisdictional challenges).

When the trial court granted Allied's application for a temporary injunction, it did not rule on the merits of Allied's claims that Appellants had challenged for lack of jurisdiction. *See Iranian Muslim Org.*, 615 S.W.2d at 208; *Water Servs.*, 709

S.W.2d at 767. We conclude that the trial court's February 19, 2016 order granted a temporary injunction but did not rule on the jurisdictional questions presented in the plea to the jurisdiction.

### 4. Section 51.014(a)(8) Not Applicable

Because the trial court's February 19, 2016 order neither expressly nor impliedly denied Appellants' plea to the jurisdiction, section 51.014(a)(8) is not invoked. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014. As such, this appeal—as it is now before us—of the trial court's order granting a temporary injunction does not stay trial or proceedings in the underlying suit. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(4); *Bally Total Fitness Corp. v. Jackson*, 53 S.W.3d 352, 358 (Tex.2001).

### SCOPE OF AUTOMATIC SUPERSEDEAS

### A. Section 6.002

We now consider the scope of section 6.002 at this point in this appeal. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 6.002. The section reads in its entirety as follows:

(a) Security for costs may not be required of an incorporated city or town of this state in an action, suit, or proceeding.

(b) A municipality may institute and prosecute suits without giving security for cost and may appeal from judgment without giving supersedeas or cost bond.

*Id.*

### B. Parties' Arguments

■ Appellants argue "the temporary injunction has been automatically stayed by the interlocutory appeal by the City and is unenforceable against all Appellants." They insist the City's right to supersede is absolute, and if Grande Garbage is not allowed to continue collecting garbage, the City's right to supersede the temporary injunction order will be negated.

Allied argues the City's statutory right to supersede an order does not extend to private parties, and the trial court's February 19, 2016 order is not automatically superseded with respect to Grande Garbage Collection Co., L.L.C. or Patricio Hernandez unless and until each posts security or bond sufficient to protect Allied's rights. *See* TEX. R. APP. P. 29.2.

### C. City, City Officials

■ Under the statute's plain language and the rules of this state, a municipality may appeal from an order and supersede it without security by filing a notice of appeal. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 6.002; Tex. R. App. P. 29.1(b); *In re State Bd. for Educator Certification*, 452 S.W.3d at 803. "Courts have extended this exemption from filing bonds to city officials sued in their official capacities." *Greanias v. City of Hous.*, 841 S.W.2d 411, 413 (Tex.App.–Houston [1st Dist.] 1992, order) (per curiam) (citing, e.g., *Parker v. White*, 815 S.W.2d 893, 895 (Tex.App.–Tyler 1991, no writ)); *see also Dall. Cty. Appraisal Dist. v. Inst. for Aerobics Research*, 751 S.W.2d 860, 861 (Tex.1988) ("Texas courts have held that when a political subdivision or governmental entity is exempt from filing an appeal bond, its governmental board is also exempt."). Thus, the City and the city council members in their official capacities may supersede the order by filing a notice of appeal. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 6.002; *Greanias*, 841 S.W.2d at 413; *Parker*, 815 S.W.2d at 895.

### D. Private Party Appellants

Appellants also contend that the city council members in their individual capacities, Grande Garbage Collection Co., L.L.C., and Patricio Hernandez (private

party appellants) must be allowed to supersede the order without security or the City's right to supersede the order without security will be negated. *See In re City of Lancaster*, 220 S.W.3d 212, 216 (Tex. App.—Dallas 2007, orig. proceeding). The portion of the temporary injunction order which expressly enjoins Appellants reads as follows:

[The] Temporary Injunction Order ... hereby enjoins[ ] Defendants City of Rio Grande, Grande Garbage Collection Co., L.L.C., their agents, servants, employees, representatives, attorneys and those persons in active concert or participation with them from committing any of the acts described below:

a. Taking any action that is inconsistent with Allied's contract rights as the exclusive franchisee for solid waste and disposal services, including but not limited to allowing Grande Garbage Collection Company, LLC or another party to provide those same services in the City of Rio Grande;

b. Preventing Allied from providing those services and from taking any other action or inaction interfering with Allied's right to exclusively provide solid waste collection services in the City of Rio Grande and receive payment therefor during the term of the Agreement....

Under Texas law, the City and the council members in their official capacities (City appellants) may supersede the order without security. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 6.002; TEX. R. APP. P. 29.1; *Greanias*, 841 S.W.2d at 413; *Parker*, 815 S.W.2d at 895. But we are not persuaded that failing to allow the private party appellants to supersede the order without security negates the City's rights or fails to preserve the status quo. *Cf. In re City of Lancaster*, 220 S.W.3d at 216. If the private party appellants fail to provide security to supersede the order, *see* TEX. R. APP. P. 29.2, the temporary injunction order remains in effect as to them, but not to the City appellants.

Because the City filed a notice of appeal, the order is superseded as to the City appellants. *See Greanias*, 841 S.W.2d at 413; *Parker*, 815 S.W.2d at 895. Unlike *In re City of Lancaster*, the trial court has not subsequently ordered the City to reinstate Allied pending the disposition of the appeal. *See In re City of Lancaster*, 220 S.W.3d at 216. For now, the City is free to exercise any lawful authority or discretion within the scope of its powers, *see, e.g.*, TEX. LOC. GOV'T CODE ANN. § 51.072 (West 2008); *City of Hous. v. Bates*, 406 S.W.3d 539, 546 (Tex.2013)—even if any such lawful actions contravene the order's subparagraphs a. or b.

## E. Trial Court Retains Discretion to Refuse Suspension

■ The City correctly insists its right to supersede the order is automatic. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 6.002, TEX. R. APP. P. 29.1(b); *In re State Bd. for Educator Certification*, 452 S.W.3d at 803. Citing a Dallas court opinion, the City also argues the "trial court has no discretion to deny [the City's] right to automatically supersede a temporary injunction during an interlocutory appeal." *See City of Dall. v. N. by W. Entm't, Ltd.*, 24 S.W.3d 917, 919 (Tex.App.–Dallas 2000, no pet.) (deciding not to apply Rule 24 to an interlocutory appeal). But *North by West Entertainment* was decided before *In re State Board for Educator Certification*, and the Dallas court did not have the benefit of the supreme court's analysis.

In *In re State Board for Educator Certification*, the supreme court held "that a trial court has discretion to deny any par-

ty—even the State—the right to supersede a non-money, non-property judgment." *In re State Bd. for Educator Certification*, 452 S.W.3d at 803. Although the case addressed a trial court's final judgment, and we are reviewing an interlocutory order, we find the supreme court's underlying reasoning instructive. Specifically, the supreme court noted that neither section 6.001 nor Rule 25.1(h) "confers unfettered power to force suspension of the judgment," and the Board "has no unqualified right to supersedeas in light of the trial court's discretion under TRAP 24." *Id.* at 808.

■ We are persuaded that reasoning applies here. Neither the applicable statute, section 6.002, TEX. CIV. PRAC. & REM. CODE ANN. § 6.002, nor the applicable rule, Rule 29, TEX. R. APP. P. 29, removes the trial court's historical "discretion to prevent the State's automatic suspension of an adverse non-money judgment," *see In re State Bd. for Educator Certification*, 452 S.W.3d at 805–06. To the contrary, Rule 29.2 recognizes the trial court's discretion: "The trial court *may* permit an order granting interlocutory relief to be superseded pending an appeal from the order." *See* TEX. R. APP. P. 29.2 (emphasis added). Thus, we conclude the City's right to supersede this interlocutory order "is not absolute." *See In re State Bd. for Educator Certification*, 452 S.W.3d at 803. The trial court may (1) allow Allied to post security and (2) refuse to suspend enforcement of its temporary injunction order as to the City appellants. *See id.* at 809 ("A governmental entity's notice of appeal does not deprive a trial court of discretion to refuse suspension of its judgment if the appellee posts security in accordance with TRAP 24.2(a)(3).").

### DECLARATIONS

In response to the parties' motions, we declare the following:

- as this interlocutory appeal is presently before us, neither the trial nor the proceedings in the underlying suit have been stayed;

- the City's notice of appeal does not automatically supersede the temporary injunction order as to the private party appellants; and

- upon appropriate security, the trial court may refuse to suspend enforcement of its temporary injunction order, even as to the City appellants.