

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-22-00624-CV

**THE CITY OF LAREDO** and City of Laredo Municipal Civil Service Commission,
Appellants

v.

Tony H. **MORENO**,
Appellee

From the 49th Judicial District Court, Webb County, Texas
Trial Court No. 2021-CVK-001767-D1
Honorable Jose A. Lopez, Judge Presiding

Opinion by:      Rebeca C. Martinez, Chief Justice

Sitting:         Rebeca C. Martinez, Chief Justice
                 Irene Rios, Justice
                 Sandee Bryan Marion, Chief Justice (Retired)[1]

Delivered and Filed: October 25, 2023

APPEAL DISMISSED IN PART; TEMPORARY INJUNCTION REVERSED IN PART AND
        DISSOLVED; REMANDED

The City of Laredo and City of Laredo Municipal Civil Service Commission (the

"Commission," and, collectively with the City of Laredo, the "City") appeal from an order granting

a temporary injunction in favor of Tony H. Moreno.  In addition, the City filed with us a motion

to increase the supersedeas bond.  We dismiss the City's appeal in part as moot; we reverse the

---

[1] Retired Fourth Court of Appeals Chief Justice Sandee Bryan Marion sitting by assignment.  *See* TEX. GOV'T CODE
ANN. § 74.003.

trial court's order granting a temporary injunction in part; and we dissolve the temporary injunction. We deny the City's motion to increase the supersedeas bond.

## BACKGROUND

After approximately twenty years of service, Moreno was terminated from his employment with the City of Laredo in July 2021. Immediately prior to his termination, Moreno served as the City of Laredo's Water Treatment Superintendent. Moreno's employment was governed by the City of Laredo's Municipal Civil Service Rules and Regulations (the "Rules"). These Rules allow for termination only for "just cause," and require that a termination letter must state the "specific violation" supporting termination. The Rules also allow for an appeal of a termination decision to the Commission and stipulate that the Commission's final decision be in writing, state findings, and "state the reasons for its opinion."

In September 2021, Moreno filed his lawsuit against the City. By his lawsuit, Moreno asserted a cause of action under the Texas and federal constitutions for alleged due process violations. Moreno contends his rights were violated when the Commission voted to uphold his employment termination without complying with the Rules and "without a single fact to support its decision" to terminate. In addition, Moreno asserted a claim pursuant to 42 U.S.C. section 1983 for unlawful deprivation of his constitutional due process rights. In the alternative, Moreno sought to appeal the Commission's decision to the trial court. Moreno sought damages and reinstatement to his position as Water Treatment Superintendent. Further, Moreno sought temporary relief in the form of an injunction to reinstate him to his position pending the outcome of this litigation.

After a hearing, the trial court granted Moreno's request for a temporary injunction. On September 28, 2021, the trial court signed a temporary injunction order, which states a finding that Moreno has a vested property right in his continued employment with the City of Laredo and that Moreno's constitutional right to due process was likely violated. Further, the order states: "[S]uch

violations as outlined herein caused Mr. Moreno imminent and irreparable harm for which there is no adequate remedy at law." The trial court ordered the City of Laredo to reinstate Moreno "as a City employee at the same rate of pay, and benefits that he was earning on the day prior to his July 6, 2021 termination" and that "Mr. Moreno's personnel records evidence his reinstatement as a continuing and current employee with the City effective as of July 6, 2021." The temporary injunction order also requires the City of Laredo to pay Moreno back pay and to reinstate all benefits Moreno would have received had he never been terminated.

The City filed a plea to the jurisdiction, which the trial court denied. The City then appealed the denial of its plea on September 29, 2021, the day after the trial court signed the temporary injunction order. The City's appeal from the trial court's denial of its plea resulted in an automatic stay of trial court proceedings pending resolution of the appeal. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(b), (c). On August 24, 2022, we affirmed the denial of the City's plea. *See City of Laredo v. Moreno*, No. 04-21-00413-CV, 2022 WL 3639315, at *3 (Tex. App.—San Antonio Aug. 24, 2022, no pet.) (mem. op.).

After the automatic abatement ended, Moreno, in September 2022, filed a motion to extend the temporary injunction and, later that month, the trial court signed an "Order Extending and Reinstating the September 28th 2021, Temporary Injunction." The order states, as had the previous order, that the City likely violated Moreno's constitutional right to due process and that "such violations as outlined [in the order] caused Moreno imminent and irreparable harm for which there is no adequate remedy at law." The order includes the same decrees as to reinstatement and back pay as the previous order and includes an additional provision that the City must provide Moreno's counsel with a date, time, and specific location for Moreno to report to work with the City of Laredo. Later in September 2022, the City appealed from this order, giving rise to the present appeal.

In November 2022, Moreno filed with the trial court a "Verified Motion to Fix Security and Motion to Enforce the Order Extending and Reinstating the September 28th, 2021, Temporary Injunction." By this motion, Moreno requested that the trial court exercise its discretion and refuse to suspend the enforcement of the temporary injunction while this appeal is pending. The trial court granted Moreno's motion. It ordered that the temporary injunction would remain in effect through the pendency of this appeal, and it ordered Moreno to post security in the amount of $5,000, "which represents the amount for loss or damage caused by the appeal if the judgment in favor of [Moreno] is reversed." Moreno filed a $5,000 bond with the trial court.

The City next filed an "Emergency Motion for Clarification and Motion to Reconsider" in December 2022. The City requested clarification regarding whether the trial court ordered the payment of back pay as temporary injunctive relief, and it asked the trial court to reconsider the security amount, arguing $5,000 was insufficient security when Moreno's annual compensation was more than $90,000. The trial court denied the City's motion.

The City then filed a motion to increase the supersedeas bond with us, asking that we review the trial court's decision to deny the City's request to increase the supersedeas bond.[2] Moreno filed a response. Additionally, Moreno advises us in his brief that,

> he is withdrawing his request and subsequent award of back pay and the vesting of his retirement within the temporary injunction the subject of this appeal. Mr. Moreno instead is only requesting relief in the form of reinstatement to his prior employment with the City.

We consider first the City's appeal. Then we consider the City's motion to increase the supersedeas bond.

---

[2] Initially, the City attempted an appeal from the trial court's order denying the City's "Emergency Motion for Clarification and Motion to Reconsider," and later it filed a motion, pursuant to Texas Rule of Appellate Procedure 24. Because Rule 24.4 allows for our review of the order, we review the trial court's order pursuant to that Rule. *See* TEX. R. APP. P. 24.4.

**TEMPORARY INJUNCTION**

**Applicable Law and Standard of Review**

"A temporary injunction's purpose is to preserve the status quo of the litigation's subject matter pending a trial on the merits." *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002). "A temporary injunction is an extraordinary remedy and does not issue as a matter of right." *Id.* To be entitled to a temporary injunction, the applicant must plead and prove (1) a cause of action against the defendant; (2) a probable right to the relief sought; and (3) "a probable, imminent, and irreparable injury in the interim." *Id.* Every order granting a temporary injunction must "set forth the reasons for its issuance." TEX. R. CIV. P. 683; *see also Qwest Commc'ns Corp. v. AT&T Corp.*, 24 S.W.3d 334, 337 (Tex. 2000) ("The[] procedural requirements [of Rule 683] are mandatory, and an order granting a temporary injunction that does not meet them is subject to being declared void and dissolved.").

"The party seeking injunctive relief bears the burden to demonstrate irreparable injury." *Lifeguard Benefit Servs., Inc. v. Direct Med. Network Sols., Inc.*, 308 S.W.3d 102, 111 (Tex. App.—Fort Worth 2010, no pet.). An injury is irreparable if the injured party cannot be adequately compensated in damages or if the damages cannot be measured by any certain pecuniary standard. *Butnaru*, 84 S.W.3d at 204. The requirement is satisfied when injuries are difficult to calculate or monetize, for example, loss of goodwill, damaged reputation in the marketplace, or office instability. *See e.g., Intercontinental Terminals Co., LLC v. Vopak N. Am., Inc.*, 354 S.W.3d 887, 895–96 (Tex. App.—Houston [1st Dist.] 2011, no pet.); *Lifeguard Benefit Servs.*, 308 S.W.3d at 111.

We review a temporary injunction for an abuse of discretion. *Id.* A trial court abuses its discretion when it acts unreasonably, in an arbitrary manner, or without reference to any guiding rules and principles. *Butnaru*, 84 S.W.3d at 211. "An abuse of discretion does not exist when the

trial court bases its decision on conflicting evidence and the evidence reasonably supports its conclusion." *Khaledi v. H.K. Glob. Trading, Ltd.*, 126 S.W.3d 273, 280 (Tex. App.—San Antonio 2003, no pet.).

**Analysis**

The City appeals from the trial court's September 2022 order, extending the temporary injunction order issued in September 2021. The appealed-from order requires that the City provide Moreno with a location to report to work; that the City reinstate Moreno at the same rate of pay and benefits he was earning prior to his termination; that Moreno's personnel records reflect his continuing employment as if he had not been terminated; and that the City pay Moreno all back pay and benefits as if he had not been terminated. The City argues, that regardless of whether Moreno has established a cause of action and a probable right to relief, he has not established "a probable, imminent, and irreparable injury" absent the injunction. *Butnaru*, 84 S.W.3d at 204.

In his brief Moreno asserts that he "is only requesting relief in the form of reinstatement to his prior employment with the City." He advises us that "he is withdrawing his request and subsequent award of back pay and the vesting of his retirement within the temporary injunction." Because Moreno has withdrawn his request for a temporary injunction as to all forms of relief other than reinstatement to employment, there is no active controversy between the parties regarding any temporary injunctive relief other than Moreno's reinstatement to employment.[3] Because there is no active controversy, the City's appeal is moot as to Moreno's withdrawn requests for relief. *See Earth Motorcars, LLC v. Glowka*, No. 04-23-00018-CV, 2023 WL

---

[3] We do not consider there to be a live controversy regarding the return of any back pay the City may have paid Moreno pursuant to the temporary injunction because the City does not request a return of any funds, and it does not seek an increase in the supersedeas bond based on any actual or potential payment of back pay; the City's motion to increase the supersedeas bond concerns only payments made after Moreno was reinstated to employment pursuant to the temporary injunction. We also note the record does not show the City paid back pay to Moreno pursuant to the temporary injunction order, and the City does not assert that it has.

3733914, at \*2 (Tex. App.—San Antonio May 31, 2023, no pet.) (holding appeal moot where appellee did not oppose dissolution of temporary injunction). "When the appeal is from an order granting a temporary injunction, and that phase of the case becomes moot on appeal, . . . [t]he proper order is to set aside all orders pertaining to the temporary injunction and dismiss that portion of the case, leaving the main case still pending." *Tex. Foundries v. Int. Moulders & Foundry Workers' Union*, 248 S.W.2d 460, 461 (Tex. 1952); *see also Earth Motorcars*, 2023 WL 3733914, at \*1; *State v. City of Austin*, No. 03-20-00619-CV, 2021 WL 1313349, at \*9 (Tex. App.—Austin Apr. 8, 2021, no pet.). Accordingly, here, because the City's appeal is moot as to all temporary relief other than Moreno's reinstatement to employment, we dismiss the City's appeal as it relates to all relief awarded other than Moreno's reinstatement to employment, and we dissolve the trial court's temporary injunction in all respects save its decree that Moreno be reinstated to his employment with the City. *See* TEX. R. APP. P. 42.3; 43.2(f); *Earth Motorcars*, 2023 WL 3733914, at \*2.

As to Moreno's reinstatement to employment, we determine Moreno has not carried his burden to establish irreparable injury to support this temporary injunctive relief; therefore, we hold the trial court abused its discretion by ordering Moreno's reinstatement, and we dissolve the injunction as to this relief as well. It was Moreno's burden to demonstrate to the trial court irreparable injury. *Lifeguard Benefit Servs.*, 308 S.W.3d at 111. Moreno, in his requests for a temporary injunction in September 2021 and in September 2022, asserted, without explanation, an imminent and irreparable injury absent an injunction. Although the trial court was required to "set forth the reasons for [the temporary injunction's] issuance," it did so, as to irreparable injury, only in conclusory terms. TEX. R. CIV. P. 683. Both its September 2021 and September 2022 orders state: "[S]uch violations as outlined herein caused Mr. Moreno imminent and irreparable harm for which there is no adequate remedy at law."

On appeal, Moreno asserts the City violated his constitutional rights when it wrongfully terminated him and that, "[u]nder Texas law, a violation of an individual's constitutional rights constitutes irreparable injury warranting injunctive relief as a matter of law." While Moreno may be correct as to some constitutional claims under some circumstances, his absolute assertion of irreparable injury for all constitutional claims under all circumstances sweeps too broadly. *Cf. Pub. Util. Comm'n of Tex. v. City of Austin*, 710 S.W.2d 658, 662 (Tex. App.—Austin 1986, no writ) (dissolving preliminary injunction where appellee's sole claim to irreparable harm stemmed from its contention, based on inapposite authority, that it was denied due process and that such constitutional violation constituted irreparable harm as a matter of law).

True enough, courts sometimes assert the principal broadly, as Moreno does. *See, e.g., Operation Rescue-Nat'l v. Planned Parenthood of Houston & Se. Tex., Inc.*, 937 S.W.2d 60, 77–78 (Tex. App.—Houston [14th Dist.] 1996), *aff'd as modified*, 975 S.W.2d 546 (Tex. 1998) ("Under Texas law, a violation of a constitutionally guaranteed right inflicts irreparable injury warranting injunctive relief."). However, despite broad statements that could indicate wider application, courts impose injunctions as a matter of law and without any additional showing of harm only in limited circumstances, such as "for any significant denigration of First Amendment rights." *Iranian Muslim Org. v. City of San Antonio*, 615 S.W.2d 202, 208 (Tex. 1981).

We need not explore the precise limits for when irreparable harm is established as a matter of law because it is enough to conclude, as we do, that Moreno has not shown that the circumstances in this case warrant a *per se* finding. To begin, we note that contrary to Moreno's absolute assertion of irreparable injury for any constitutional violation, the Supreme Court has made clear that violations of constitutional rights sometimes can be compensated by money damages. *See Carey v. Piphus*, 435 U.S. 247, 254–55 (1978). When money damages are available, "a party cannot also get an injunction." *Fuentes v. Fuentes*, 656 S.W.3d 703, 716 (Tex. App.—El

Paso 2022, no pet.). Moreover, the Supreme Court has cautioned that damages should not be presumed to flow from every deprivation of constitutional rights. *See Carey*, 435 U.S. at 266 (considering deprivation of procedural due process without proof of actual injury and authorizing only nominal damages in such cases).

Moreno has not explained why ordinary money damages cannot adequately compensate him for any damages he can actually show as a result of his alleged constitutional violations. The cases he cites, in which irreparable injury flows as a matter of law from constitutional violations, are far afield from the procedural due process claim Moreno asserts related to termination of his employment. *See De Leon v. Perry*, 975 F. Supp. 2d 632, 663–64 (W.D. Tex. 2014), *aff'd sub nom. De Leon v. Abbott*, 791 F.3d 619 (5th Cir. 2015) (discussing equal protection and substantive due process claims concerning marriage inequality, and noting "no amount of money can compensate the harm for the denial of [plaintiffs'] constitutional rights"); *Operation Rescue-Nat'l*, 937 S.W.2d at 78 (affirming injunctive relief for violation of constitutional privacy rights). Several cases Moreno cites are inapposite because they do not concern irreparable harm. *See Benavides Indep. Sch. Dist. v. Guerra*, 681 S.W.2d 246, 248 (Tex. App.—San Antonio 1984, writ ref'd n.r.e.) (appeal from temporary injunction restoring individual to position as school principal and considering five issues, none of which concerned irreparable harm); *City of Alamo v. Espinosa*, No. 13-99-704-CV, 2001 WL 1003309, at *12 (Tex. App.—Corpus Christi–Edinburg Aug. 31, 2001, pet. dism'd by agr.) (holding equitable remedy of reinstatement was in accordance with *City of Beaumont v. Bouillion*, 896 S.W.2d 143, 147–49 (Tex. 1995), which held the Texas Constitution does not allow an implied private right of action for damages for constitutional violations); *City of Plainview Tex. v. Ferguson*, No. 07-14-00405-CV, 2016 WL 3522129, at *2–*3 (Tex. App.—Amarillo Jun. 23, 2016, pet. denied) (mem. op.) (affirming trial court's order reinstating police officer and overruling issue that trial court made an erroneous legal conclusion concerning

mandatory reinstatement when statement could be read as finding of fact applicable to individual plaintiff).

To be sure, we do not consider whether reinstatement to employment could ever be ordered as temporary relief. Nor do we consider whether reinstatement could be an equitable remedy upon final disposition of this case. *Cf. City of Midland v. O'Bryant*, 18 S.W.3d 209, 217–18 (Tex. 2000) ("Whether reinstatement can be a remedy for violations of the Texas Constitution is not before this Court, and accordingly, we express no view on that question."). We determine only that, without proof of irreparable harm at this preliminary stage, Moreno cannot carry his burden. *See Lifeguard Benefit Servs.*, 308 S.W.3d at 111.

We hold the trial court abused its discretion by ordering Moreno's reinstatement to employment as temporary injunctive relief without proof of irreparable harm; therefore, we reverse and dissolve the temporary injunction as to this awarded relief.

### MOTION TO INCREASE SUPERSEDEAS BOND

Because we render judgment dissolving the temporary injunction, we must render judgment against the sureties on Moreno's supersedeas bond. *See* TEX. R. APP. P. 43.5. A dispute remains, however, as to the amount of the bond. While this appeal was pending, the City filed a motion to increase the bond amount. We deny the City's motion.[4]

### Applicable Law and Standard of Review

Merely appealing an interlocutory order does not suspend enforcement unless, as here, appellants are entitled to supersede the order without security by filing a notice of appeal. *See*

---

[4] Our resolution of the City's motion could impact the amount the City collects on the supersedeas bond; therefore, the matter is not moot. *See* TEX. R. APP. P. 24.1(d) (providing surety may be liable "up to the amount of the bond"); *see also Adams v. Godhania*, 635 S.W.3d 454, 458 (Tex. App.—Austin 2021, pet. denied) (explaining disbursal from bond should be for "loss or damage that the prevailing party '*actually* incurred' during the appeal" (quoting *Haedge v. Cent. Tex. Cattlemen's Ass'n*, 603 S.W.3d 824, 828 (Tex. 2020))).

TEX. CIV. PRAC. & REM. CODE ANN. § 6.002; TEX. R. APP. P. 29.1; *In re Tex. Educ. Agency*, 619 S.W.3d 679, 683 (Tex. 2021) (orig. proceeding). However, a trial court has discretion to deny supersedeas if the judgment creditor (here Moreno) posts security. *See In re Tex. Educ. Agency*, 619 S.W.3d at 684; *Tex. Educ. Agency v. Hous. Indep. Sch. Dist.*, 609 S.W.3d 569, 573 n.1 (Tex. App.—Austin 2020, order) (per curiam), *mandamus denied sub nom. In re Tex. Educ. Agency*, 619 S.W.3d 679; *City of Rio Grande City, Tex. v. BFI Waste Services of Tex., LP*, 511 S.W.3d 300, 306 (Tex. App.—San Antonio 2016, no pet.); TEX. R. APP. P. 29.2.[5]

On a party's motion, we may review the sufficiency or excessiveness of a trial court's order setting a supersedeas bond, and we apply an abuse of discretion standard in reviewing such an order. TEX. R. APP. P. 24.4(a); *Hibernia Energy III, LLC v. Ferae Naturae, LLC*, 668 S.W.3d 771, 774 (Tex. App.—El Paso 2022, no pet.). A trial court abuses its discretion if it acts arbitrarily or unreasonably considering all the circumstances of the case. *See Samlowski v. Wooten*, 332 S.W.3d 404, 410 (Tex. 2011).

Under Rule 24.2, the proper amount of a supersedeas bond depends on which of three types of judgment are at issue. TEX. R. APP. P. 24.2(a)(1)–(3); *Hibernia Energy*, 668 S.W.3d at 774. For a money judgment, the amount of the bond must equal the sum of compensatory damages awarded, interest for the estimated duration of the appeal, and costs. TEX. R. APP. P. 24.2(a)(1); *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 52.006(a). If the judgment is for the recovery of an interest in real or personal property, the amount set by the trial court must be at least: "(A) the value of the property interest's rent or revenue, if the property interest is real; or (B) the value of the property interest on the date when the court rendered judgment, if the property interest is personal." TEX.

---

[5] This security posted by a judgment creditor is often described as a "counter-supersedes" bond, but we refer to the bond in this case as a "supersedeas bond" because the parties use that term. *See, e.g.*, *In re Tex. Educ. Agency*, 619 S.W.3d at 684.

R. APP. P. 24.2(a)(2). Last, when the judgment is for something other than money or an interest in property,

> the trial court must set the amount and type of security that the judgment debtor must post. The security must adequately protect the judgment creditor against loss or damage that the appeal might cause. But the trial court may decline to permit the judgment to be superseded if the judgment creditor posts security ordered by the trial court in an amount and type that will secure the judgment debtor against any loss or damage caused by the relief granted the judgment creditor if an appellate court determines, on final disposition, that that relief was improper.

*Id.* R. 24.2(a)(3).

**Analysis**

Citing Rule 24.2(a)(1), the City argues the $5,000 supersedeas bond ordered by the trial court is insufficient because the amount does not adequately cover "the sum of the compensatory damages awarded in the judgment, interest for the estimated duration for the appeal, and costs awarded in the judgment." However, the City looks to the wrong subsection of Rule 24.2(a). The temporary injunction reinstating Moreno to employment is not an award of compensatory damages. *Cf.* TEX. R. APP. P. 24.2(a)(1). Employment reinstatement, instead, is an equitable remedy. *See City of Plainview Tex.*, 2016 WL 3522129, at *3; *City of Fort Worth v. Jacobs*, 382 S.W.3d 597, 599 (Tex. App.—Fort Worth 2012, pet. dism'd) ("Reinstatement is an equitable remedy per se."); *see also Andrade v. City of San Antonio*, 143 F. Supp. 2d 699, 721 (W.D. Tex. 2001)). Therefore, the security Moreno must pay, as a judgment creditor, is set pursuant to Rule 24.2(a)(3), "in an amount and type that will secure the judgment debtor [here the City] against any loss or damage caused by the relief granted the judgment creditor if an appellate court determines, on final disposition, that that relief was improper." TEX. R. APP. P. 24.2(a)(3).

The City has not argued that the security amount is improper under Rule 24.2(a)(3); therefore, we hold the City has not shown that the trial court abused its discretion in setting the amount of the supersedeas bond, and we deny the City's motion to increase the bond.

**CONCLUSION**

We dismiss the City's appeal as moot to the extent the appeal challenges any temporary injunctive relief the trial court awarded other than Moreno's reinstatement to employment. We reverse the trial court's temporary injunction insofar as it ordered Moreno reinstated to employment. Based on these holdings, we dissolve entirely the trial court's temporary injunction, issued pursuant to its September 20, 2022 order. We deny the City's motion to increase the supersedeas bond.

Rebeca C. Martinez, Chief Justice